**Edna M. Pribyl, Appellee, v. Hugo V. Pribyl, Appellant.**

**Gen. No. 32,678.**

Opinion filed November 19, 1928.

DAVID J. BENTALL, for appellant.

NASH & AHERN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant, who has been divorced from complainant, filed a petition praying for a reduction in the amount of alimony, which petition was denied and from this order of denial defendant appeals.

July 14, 1925, the original decree of divorce was entered and complainant was awarded $150 a month for the support of herself and her minor child. Subsequently, January 18, 1927, on motion and petition of the defendant, this amount was reduced to monthly payments of $100. By June, 1927, there had accrued and were unpaid under the decree sums aggregating $8,895.35, which amount had been previously reduced to a judgment. On June 20, 1927, complainant accepted $3,500 in settlement of this debt under an order of the court approving the settlement, which order also provided for an increase in the monthly payments of alimony from $100 to $150, which increase, as appears from the record, was in the nature of a consideration to the complainant for accepting a settlement of her judgment against defendant for approximately $5,000

less than the judgment debt. From this order entered June 20, 1927, defendant did not appeal. The present petition, filed November 28, 1927, prays for a reduction of the amount awarded in this order of June 20th.

It will serve no good purpose to narrate in detail the evidence of the respective parties. Defendant introduced evidence indicating that his income was materially smaller than it was in 1925 when the orig-inal decree of divorce was entered; that his medical practice had become less and his health impaired, thus decreasing his earning capacity. On the other hand, matters were adduced which might well cause the chancellor to question the credibility of defendant's representations as to his inability to pay the alimony awarded.

It is well settled that, where a chancellor hears and sees all of the witnesses, his decree will not be reversed unless it is clearly apparent that there is palpable error and the evidence manifestly preponderates in favor of the defeated party. *Doyle v. Doyle,* 268 Ill. 96.

One consideration alone is sufficient to call for an affirmance of the decree, and that is that the evidence discloses no change in the income, earning capacity or health of the defendant since the entry of the order of June 20, 1927, which was not appealed from. The case for defendant has been presented as if the question related to the change of conditions since the entry of the decree in July, 1925. That is not before us. The last order fixing the alimony was made on June 20, 1927, from which the defendant did not appeal. He cannot, a few months thereafter, obtain an order reducing the amount of alimony based upon a comparison of present conditions with conditions which obtained long prior to the last order fixing the amount of alimony. *Cole v. Cole,* 142 Ill. 19. Defendant testified that for July, August, September and October, 1927, his income totaled $1,316, and for the months of

February, March, April and May, 1927, $1,223. Thus for a period of four months immediately preceding the filing of his petition of November 18, 1927, his income exceeded that for the four months immediately preceding the order of June 20, 1927.

Defendant's testimony regarding his health shows that his physical condition has been the same for a period of two years prior to the hearing on the instant motion and therefore was the same as it was at the time of the entry of the order of June 20th. It is not even argued that the condition of the defendant, either financially or physically, has in any manner changed since the order of June 20, 1927. As was said in *Cole v. Cole*, 142 Ill. 19, that by the statute authorizing the interposition of the court where the circumstances of the parties have changed since the former order, "It is not intended to continue the right to alter or modify the allowance upon the state of case existing when the decree was entered, or to review the action of the chancellor therein."

It was likewise held in *Helkelkia v. Sonzinski*, 223 Ill. App. 30, that the statute does not contemplate that the court may sit in review of its decree with the right to alter or modify a decree for alimony upon the facts existing at the time of its entry. See also *Craig v. Craig*, 163 Ill. 176.

When defendant accepted the order of June 20, 1927, fixing the alimony, he was barred from any subsequent modification of that order based upon conditions then existing. The order of the chancellor was proper and is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.