Fred L. Marriott, Appellee, v. Amalya V. Marriott, Appellant.

Gen. No. 45,613.

Opinion filed June 18, 1952. Rehearing denied July 14, 1952. Released for publication July 17, 1952.

WINSTON, STRAWN, SHAW & BLACK of Chicago, for appellant; FRANK B. GILMER, of Chicago, of counsel.

JOHNSTON, THOMPSON, RAYMOND & MAYER, of Chicago, for appellee; SAMUEL W. BLOCK, and JOHN D. KNODELL, JR., both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendant appeals from an order modifying a decree for the payment of alimony in an action for divorce on the ground of desertion, instituted by plaintiff. The decree awarded the custody of the minor child to the defendant and directed plaintiff to pay defendant $25 per week for child support and $50 per week for support of defendant.

On September 28, 1950, plaintiff filed a petition to modify the decree with respect to the payment of alimony. The petition alleged that his net income after tax and other required deductions is $379.27, and that after deducting $20.83 for an employees' annuity and

$18.75 for United States Government bonds his monthly check from the University of Chicago, where he was employed, was $340.24, in addition to which petitioner expected to receive $33 per month for October, November and December from the Chicago Theological Seminary; that said income has been insufficient to pay the amount due under said decree; that said minor child would become of age on October 8, 1950; that plaintiff has been compelled to incur various debts to cover his necessary expense, and that he has been unable to pay said debts; that since the entry of the decree and upon a showing made by the plaintiff of a deficiency in his income, plaintiff and defendant agreed to a reduction of such payments to the aggregate sum of $175 per month for both the minor son and defendant; that said reduced payments have been made up to and including July 1950, but that in meeting said reduced payments he has continued to go in debt for other necessary living and professional expenses; and that plaintiff is informed defendant has an independent income adequate to pay her living expense and is well able to earn her own livelihood.

Defendant filed an answer to said petition denying there was any agreement since the entry of the decree to reduce the payments provided for in said decree, but that the plaintiff arbitrarily reduced the amount of his payments to respondent, first to $200 per month, then in September 1949, to the sum of $175 per month, and from August 1950, to the filing of the petition he paid the respondent nothing. The answer alleged that the income of the plaintiff is greater than that stated in his petition; that he had other employment than that with the University of Chicago; that defendant moved to Boulder, Colorado, at the suggestion of petitioner, so that the minor son could attend school there in accordance with petitioner's wish; that since September 1948, defendant has been constantly under a doctor's care

and unable for physical reasons to become permanently employed; that commencing in April 1950, defendant gave piano instructions to a few persons and received income during April in the sum of $12, during May the sum of $19.50, June the sum of $11, July the sum of $15.50 and August the sum of $12.50; that the only other income she has is $25 per month from a student roomer in the house occupied by her and $25 per month contributed to her by her sister; and that defendant's requirements for living expenses and for the minor child amount to not less than $250 per month.

A hearing was had upon the petition and answer and an order was entered on November 9, 1950, which found that plaintiff had a gross monthly income of $416 "and extremely burdensome business and family expenses and obligations require that the payments for the support of the defendant as provided in the original decree herein be reduced." The order recited that the parties had agreed upon the amount of arrearage due under the decree in the sum of $500, for which judgment was entered, and by agreement the judgment was to be paid in equal monthly installments of $25, commencing December 1, 1950, which plaintiff was directed to pay. The order further provided that plaintiff be excused from paying any further support of said minor child, he having attained his majority, but that plaintiff pay to defendant for her support the sum of $125 per month instead of the $50 per week as provided in said decree, the payments to begin as of August 1, 1950. No appeal was taken from this order.

Plaintiff continued his payments under said order of November 9 until March 1951, when he paid defendant $75 instead of the required $150, and paid nothing in April. Defendant then filed her petition for a rule to show cause why plaintiff should not be held in contempt for failure to comply with the order, whereupon

plaintiff filed his cross-petition seeking a further modification of the provision for the payment of alimony.

Another hearing was had, and on May 26, 1951, the chancellor entered the order appealed from reducing the required payments from $125 per month to $60 per month, and judgment was entered for the amount of the arrearage since March 1, 1951, to be paid at the rate of $25 per month, the same as the previous judgment. The rule to show cause was discharged.

The evidence discloses that at the time of this hearing plaintiff's gross monthly income from the University of Chicago was $416.67, and in addition he was earning $38.34 from the Chicago Theological Seminary, or a total of $455.01. The testimony discloses an indebtedness to the University of Chicago for $300 borrowed at the time of the November 9 order. There is no evidence of any other specific indebtedness or amount. Plaintiff testified that his second wife was pregnant; that he needed eye glasses; that he was suffering with varicose veins but admitted that he had known of his varicose veins for about five years and had consulted a doctor about them shortly before testifying. With respect to the condition of the daughter's eye, he testified that it was the same as it was on November 9, 1950. He admitted that his November 1950, take-home pay was $352.74 and his take-home pay in May 1951, was $384.33.

It is undisputed that since the decree of divorce the plaintiff has remarried and now has two children.

██ ██ The only question presented upon this appeal is whether there has been a clear showing of material change in circumstances of the parties since the order of November 9, 1950, which would justify a further modification as to the payment of alimony. The order of November 9, 1950, is *res adjudicata* as to the then existing circumstances of the parties. *Smith v. Smith,* 334 Ill. 370. Plaintiff cannot a few

months after the order of November 9, 1950, obtain an order reducing the amount of alimony based upon a comparison of present conditions with conditions which obtained long prior to the last order fixing the amount. *Pribyl v. Pribyl,* 250 Ill. App. 349; *Cole v. Cole,* 142 Ill. 19.

█ A careful analysis of the evidence convinces us that there has been no such substantial change in the circumstances of the parties since November 9, 1950, as would warrant the instant order appealed from. That defendant had some income from music lessons other than the payments by the plaintiff under the decree was also true on November 9. There has been no material change in that respect. As pointed out, plaintiff's income has been substantially the same and a trifle more than his income at the time of the November 9 order. He had varicose veins at the prior hearing. The condition of his daughter's eye was substantially the same. That he was expecting another child was the only substantial difference. He made no application to the court for a further modification of the order of November 9 until he was noticed into court for a rule to show cause for failure to comply with the latter order. He was shown to have expended $100 in April 1951, for advertising in a magazine and $60.77 in March and April for long distance telephone calls at a time when he was in default. The evidence does not establish the necessity for such expenditures, instead of applying the money on the arrearage under the order. He alleges in his petition that defendant was well able to earn her own livelihood.

█ In *Evar v. Evar,* 330 Ill. App. 247 (Abst.), this court said there is no authority for the proposition that the wife is obliged to seek employment, if able to work, to relieve the husband of the obligation of support when he has the ability to support, and even assistance obtained from other sources (in the instant case, assist-

ance from defendant's sister) does not relieve the husband of his obligation. *Shaffner v. Shaffner,* 212 Ill. 492, 497. *Goodman v. Goodman,* 329 Ill. App. 444 (Abst.) is particularly applicable to the instant case. It was there said:

"Too frequently litigants in a divorce case have abused the privilege of asking a court to modify a decree of divorce with respect to the payment of alimony, claiming that right under the divorce statute. Too frequently do we find such procedure without merit, and it results in expense to and harassment of the opposite party. Whenever possible the courts should discourage this practice. As was aptly said by this court in *Pribyl v. Pribyl,* where a few months after an order had been entered fixing the amount of alimony to be paid, the defendant sought to have the amount modified:

" 'He cannot, a few months thereafter, obtain an order reducing the amount of alimony based upon a comparison of present conditions with conditions which obtained long prior to the last order fixing the amount of alimony.' "

We are not satisfied that at the time of the last hearing plaintiff was guilty of wilful failure to comply with the order of November 9. The court was justified in discharging the rule to show cause. This, however, does not bar future inquiry, upon any future rule to show cause, as to subsequent circumstances attending his failure to comply with the order.

That part of the order discharging the rule is affirmed, and the part of the order reducing the payments of alimony provided for in the order of November 9 is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.

*Affirmed in part; reversed in part and remanded.*

KILEY, P. J. and LEWE, J., concur.