Dr. Alfred R. LAPIN, as father and next friend of Brian R. Lapin, Plaintiff,

v.

F. David MATHEWS, as Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. A. No. 76–0082.

United States District Court, District of Columbia.

Nov. 22, 1976.

Edward J. Skeens, Suitland, Md., for plaintiff.

Tobey W. Kaczensky, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

■ This action was brought by Dr. Alfred R. Lapin as father and next friend of Brian R. Lapin to set aside an order of the Social Security Administration denying Brian supplemental social security income benefits as provided for in Title XVI of the Social Security Act (the Act), 42 U.S.C., § 1381 et seq. (1970). Brian is a 27 year old male who is disabled and who receives institutional care on account of severe mental retardation. The essence of the complaint is that the order of the Social Security Administration lacks substantial evidence to support the finding that Brian, because of financial support he receives from his father, is not eligible to receive supplemental social security income benefits. To qualify as eligible under the Act, the appli-

cant for benefits must show that his income, both earned and unearned, falls below the statutory maximum. The case is presently here on cross motions for summary judgment.

## I.

The essential facts are not in dispute. Brian is a 27 year old male who suffers from mental retardation due to mongolism. Until 1974 with one insignificant exception, Brian resided in a home setting either with his parents or with his grandmother, aunt and uncle. While living with his relatives, Brian attended an institutional day school and spent evenings, weekends and holidays at home. This lasted until 1973 when his grandmother passed away and he was returned to his parents.

Since July 20, 1974, Brian has resided full time at the Van Hook-Walsh School, Inc., an institution located in Middletown, Delaware, specializing in the care of mentally disabled individuals. The cost of institutionalization at the Van Hook-Walsh School is approximately $450.00 per month and is paid for by Dr. Lapin. This amount covers Brian's room, board and round-the-clock supervision. It does not, however, cover the cost of clothing and other necessities. Nor does it cover the cost of medical care and medications necessary to treat foot and eye ailments from which Brian suffers. The cost of these items is billed to Dr. Lapin separate and apart from the $450.00 monthly charge.

On June 27, 1974, Dr. Lapin filed an application on behalf of Brian with the Social Security Administration for supplemental social security income benefits. The matter was heard by a Hearing Examiner, testimony and exhibits were taken into evidence and a decision was rendered on May 23, 1975 denying the application. Underlying this decision were findings that the monthly $450.00 payments made by Dr. Lapin to the Van Hook-Walsh School constituted income to Brian and that, as such, Brian's yearly income exceeded the maximum level set by statute for supplemental benefits.

Dr. Lapin appealed this decision to the Appeals Council which, on November 24, 1975, entered a final decision affirming the findings of the Hearing Examiner. The present lawsuit followed. Jurisdiction was invoked under 42 U.S.C. § 1383(c)(3) (1970), which provides for judicial review limited solely to the question of whether there is substantial evidence to support the findings made by the agency. For the reasons which follow, this Court takes the view that the administrative findings in question are adequately supported by evidence developed during the agency proceedings. Accordingly, the motion of the defendant for summary judgment must be granted and the motion of the plaintiff for summary judgment must be denied.

## II.

■ In order to qualify for supplemental income benefits because of disability, an applicant must fall within the definition of "eligible individual" as provided in Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* (Supp. V 1975). Section 1382(a)(1) of the Act defines "eligible individual" as

(1) Each . . . disabled individual who does not have an eligible spouse and—

(A) whose income, other than income excluded pursuant to section 1382a(b) of this title, is at a rate of not more than $1,752 . . . for the calendar year 1974 or any calendar year thereafter.

. . .

Section 1382a in turn defines "income" as both earned and unearned income.

Included within this definition are payments for "support and maintenance" covering

room and board, and . . . other incidentals necessary to an individual's normal sustenance. [20 C.F.R. § 416.1125(a)]

Not included, however, is

the value of any third-party payment for *medical care or medical services* furnished to a beneficiary. This exclusion from income also applies to room and board furnished during *medical confinement* and paid for by such third party.

[20 C.F.R. § 416.1109(a) (emphasis supplied)]

Applying these provisions to plaintiff's application for supplemental benefits, the Social Security Administration found that the $450.00 monthly payments to the Van Hook-Walsh School were includable in Brian's income since the care provided to Brian was essentially custodial or non-medical in character. Viewed as income, these payments on Brian's behalf put his income over the statutory maximum for supplemental benefits. Accordingly, the Social Security Administration denied plaintiff's application.

Plaintiff has challenged the denial of his application on the grounds that there is no substantial evidence to support the finding that the monthly payments are for custodial care. This Court cannot agree. A review of the administrative record in this case indicates that there is ample evidence supporting the agency's determination. First, there is the admission of Dr. Lapin himself that the $450.00 payments cover all of his son's needs *except medical care, medication* and clothing. This admission is alone persuasive on the custodial nature of the care received by Brian at the Van Hook-Walsh School. It is all the more persuasive when taken together with the School's practice of separately billing Dr. Lapin for specific medical treatments administered to Brian during his residence at the School. The clear implication of Dr. Lapin's admission and the School's billing practice is that the basic care given Brian is predominantly non-medical.

Secondly, it must be recalled that until 1974, Brian resided in a household setting. This indicates that his medical condition was *not* such as to require medical confinement on a continuous basis. Absent some showing that since 1974 Brian's condition has deteriorated, it would appear that his residence at the Van Hook-Walsh School is no less custodial in nature than his previous residence at home with either his parents or grandmother, aunt and uncle.

Lastly, the evidence shows that the Van Hook-Walsh School is not equipped to deliv-

er primarily medical care in that it retains no full time staff physicians or nurses. If the care provided by the School were essentially medical in nature, certainly there would be full time staff qualified to administer medical treatments. That not being the case, it follows that the School is equipped to provide care other than what is essentially medical.

For these reasons, this Court concludes that the administrative findings regarding plaintiff's ineligibility for supplemental benefits are amply supported by the evidence. And since it is not within the Court's province to substitute its judgment for that of the agency if that judgment is supported by substantial evidence, the order of the Social Security Administration must be affirmed.

Accordingly, it is this 22nd day of November 1976,

ORDERED that the motion of defendant for summary judgment on plaintiff's claim be, and the same hereby is, granted; and it is

FURTHER ORDERED, that the motion of plaintiff for summary judgment on its claim be, and the same hereby is, denied.

The foregoing opinion shall constitute the findings of fact and conclusions of law in this action.