WILLIAM SHIVE, Plaintiff-Appellant, *v.* PHYLLIS SHIVE, Defendant-Appellee.

Fifth District    No. 76-433

Opinion filed February 9, 1978.

William R. Jacobs, II, and Leonard T. Timpone, both of Jacobs, Camodeca & Timpone, of Chicago, for appellant.

Marvin W. Goldenhersh, of Goldenhersh & Goldenhersh, of Belleville, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from post-decretal orders increasing defendant Phyllis Shive's award of permanent alimony from $800 per month to $1300 per month, ordering the parties to exchange certain personal property, and awarding attorney's fees to counsel for Phyllis Shive. These orders were entered on defendant's petition for modification and increase of alimony and plaintiff William Shive's cross-petition to reduce or terminate alimony.

William and Phyllis Shive were divorced on June 20, 1969. A decree was entered on defendant Phyllis Shive's counterclaim awarding her custody of two minor sons, $800 per month in permanent alimony, $700 per month child support for two minor sons, the costs of a full college education for each of the couple's three sons, and attorney's fees and court costs. The decree also made an equitable adjustment of property rights, awarding the marital home to Mrs. Shive and certain other jointly

owned real estate to Mr. Shive. The decree ordered the division of various securities and bonds and exchange of personal property and awarded Mrs. Shive certain sums of cash, attorney's fees and a life insurance policy on the life of Mr. Shive, the premiums to be paid by Mr. Shive.

Since the decree of June 20, 1969, a plethora of additional litigation has occurred. Both parties have filed numerous petitions alleging noncompliance with the initial decree and requesting certain modifications in alimony and child support awards. Mrs. Shive has been charged with harassment and found in contempt for failure to turn over certain personal property. Mr. Shive has been found in contempt on several occasions for failure to meet his alimony and child-support obligations. On October 20, 1972, an order was entered which purported to be in full satisfaction of all claims between the parties and which barred each from filing motions or petitions in the case except for noncompliance with the October 20 order. Shortly following this order, petitions and motions were filed charging noncompliance with the order including a motion by Brad Shive stating that Mr. Shive had not been meeting his obligation to pay Brad's college expenses. Mr. Shive was again found in contempt for failure to make certain payments.

The specific proceeding which is the subject of this appeal was initiated on August 23, 1974, by a petition filed on behalf of Mrs. Shive requesting an increase in alimony from $800 to $1200 per month and attorney's fees. Mrs. Shive also filed a motion requesting Mr. Shive to produce certain financial information relevant to his ability to pay alimony, including certain records of the Sterling Steel Company of which Mr. Shive is president and holds a controlling interest. There followed an order enjoining both parties from harassing or molesting each other in any manner and from contacting each other at the premises or businesses of each. Mr. Shive was ordered to make timely alimony payments, to submit a list of his personalty which he contended was in the possession of Mrs. Shive and to furnish Mrs. Shive, within 20 days of the order, all of the relevant information requested in her motion to produce. Mrs. Shive was ordered to provide Mr. Shive with a similar list of personalty she claimed as hers and with comparable relevant information about her financial status within 20 days after receipt of the information from Mr. Shive. Mr. Shive then filed an answer to the petition to increase alimony alleging that Mrs. Shive's living expenses had decreased substantially since the entry of the 1969 decree, while his income had materially decreased. Mr. Shive also filed a counterpetition to modify or in the alternative abate the award of permanent alimony which alleged with more specificity the same ultimate facts alleged in his answer to Mrs. Shive's petition. Mrs. Shive did not file a written answer to this counterpetition, although she did orally deny the essential allegations of the counterpetition at a subsequent hearing.

A hearing on the petition and counterpetition was held on July 11, 1975. The court granted a motion to Mrs. Shive for a ruling against Mr. Shive on the issue of his ability to pay increased alimony on the grounds that Mr. Shive failed to comply with the order to turn over relevant financial information, specifically the information concerning Sterling Steel Company. Mrs. Shive then testified that her living expenses had increased substantially since the 1969 decree and offered into evidence an exhibit itemizing projected necessary living expenses in the amount of $1969 per month. Mrs. Shive testified that many of her living costs had doubled since 1969, while others had increased over 50%. On cross-examination it was established that some of the monthly expenses listed did not reflect what Mrs. Shive was currently spending but actually indicated what her expenses would be if she were to maintain the standard of living she had at the time of the divorce. She testified that since 1969 she had not been able to live in the manner to which she was accustomed while living with Mr. Shive.

The record indicates that Mrs. Shive has not acquired any new assets since the 1969 divorce. She had substantial assets in her own name at the time of the divorce and obtained additional assets in the equitable division of property at divorce. These assets include both the marital home valued at roughly $250,000 and various stocks and bonds in the amount of approximately $65,000. There was also evidence that her present income from dividends and interest on these assets was between $4,000 and $5,000 a year. Her only other source of income is the alimony. The evidence on Mrs. Shive's alleged harassment of Mr. Shive was conflicting. She admitted she had called Mr. Shive's place of business and residence on several occasions demanding payment of alimony, but denied harassing him or his employees. The record also indicates that each party possessed personal property belonging to the other.

At the close of the hearing the trial court entered an order concerning the transfer of certain items of personal property between the parties and reserving judgment on the issues of violations of the prior injunctive orders, attorney's fees for Mrs. Shive's counsel and modification of alimony. The court also ordered each of the parties to submit a memorandum of facts and law on the issue of modification. A supplemental order was then entered awarding Mrs. Shive an increase in alimony to $1300 per month and $1000 in attorney's fees. In a supporting memorandum the trial judge stated that Mr. Shive had the ability to pay increased alimony and that this issue was decided against Mr. Shive because of his failure to comply with the court's discovery order. The court also noted that Mrs. Shive's needs had increased since the original decree and that although inflation alone is not sufficient justification to

increase an award of alimony, it had played a role in the increase of Mrs. Shive's living expenses.

The essential questions on appeal are whether the trial court abused its discretion in modifying the award of permanent alimony to $1300 per month and in failing to punish Phyllis Shive for violations of prior injunctive orders. In support of the claim that the modification of alimony was an abuse of discretion, plaintiff William Shive charges that the trial court failed to rule on his cross-petition for termination of alimony, relied solely on inflation as an indication of Mrs. Shive's increased living expenses, failed to correct errors in the original decree and erroneously awarded $1300 per month when Mrs. Shive asked for only $1200 per month.

■■■ Plaintiff first contends that Mrs. Shive's failure to file a written answer to plaintiff's cross petition for termination of alimony constituted an admission of the allegations of the cross-petition and therefore an admission by Mrs. Shive that she was no longer entitled to alimony. The cross-petition, however, contained essentially the same allegations made in his answer to Mrs. Shive's petition. No new issues were raised in the cross-petition and we believe it would have served no useful purpose for her to file a formal written answer. It is well established that where a petition negatives the allegations of an answer or subsequent pleading, a reply is unnecessary. (*Warren Barr Supply Co. v. Haber Corp.*, 12 Ill. App. 3d 147, 298 N.E.2d 301; *Nitrin, Inc. v. American Motorists Insurance Co.*, 94 Ill. App. 2d 197, 236 N.E.2d 737.) Moreover, Supreme Court Rule 136(b) provides that "[u]nless the court orders otherwise, no response to a reply or subsequent pleading is required and any new matter in a reply or subsequent pleading shall be taken as denied." (Ill. Rev. Stat. 1975, ch. 110A, par. 136(b).) A written answer to plaintiff's cross-petition was thus unnecessary and would have been superfluous. Plaintiff's claim that the trial court failed to rule on his cross-petition is similarly without merit. Although the court did not expressly deny the cross-petition, it did enter a judgment on the issues raised by plaintiff, which were identical to those raised in Mrs. Shive's initial petition.

A more difficult question is raised by plaintiff's contention that the trial court erred in granting Mrs. Shive an increase in alimony when the evidence clearly established she had no further need for support. An award of alimony in a divorce proceeding is presumed correct and will not be disturbed on evidentiary grounds unless it is contrary to the manifest weight of the evidence. (*Hoffmann v. Hoffmann*, 40 Ill. 2d 344, 349, 239 N.E.2d 792.) Similarly, a modification of an alimony award will not be set aside on review unless the trial court clearly abused its discretion. *White v. White*, 41 Ill. App. 3d 758, 354 N.E.2d 486.

■■ A court has authority to modify an award of alimony if the conditions and circumstances of the parties have materially changed since the original decree was entered. (16A Ill. L. & Prac. *Divorce* §162 (1971).) An alimony award can be modified either when the needs of the spouse receiving alimony change or the ability of the other spouse to pay alimony changes. (*Waltrip v. Waltrip*, 3 Ill. App. 3d 892, 279 N.E.2d 405.) In the present case we believe the trial court properly exercised its discretion in concluding that both Mrs. Shive's needs and Mr. Shive's ability to pay had increased since the 1969 decree.

At the hearing on the petition for modification, Mrs. Shive testified that her necessary living expenses had increased substantially since the 1969 decree and presented an itemized list of living expenses totaling $1969 per month. On cross-examination it was established that some of the amounts listed did not indicate what Mrs. Shive was currently spending but actually reflected what her expenses would be if she were to maintain the standard of living she had at the time of the divorce and initial award of alimony. These projected monthly expenses were $275 for home and yard maintenance and domestic help, an additional $100 for clothing and $258 for additional taxes which would result from an increased alimony award. Mrs. Shive stated that she would be spending these amounts if her alimony were sufficient to cover the expenses.

■■ Plaintiff essentially contends that the trial court's consideration of expenses in excess of current spending in its calculation of increased need was erroneous. The discretion of the trial court to modify an award of alimony, however, is initially subject to the same standards originally applicable to the first award. The amount of permanent alimony a husband may be ordered to pay his wife is generally determined by both the wife's needs and the husband's ability to pay in relation to the manner in which they have been accustomed to living. (16A Ill. L. & Prac. *Divorce* §158 (1971).) As a general rule, an award of alimony should approximate that amount necessary to maintain the ex-wife in the standard of living to which she had been accustomed while married. (*Arnold v. Arnold*, 332 Ill. App. 586, 76 N.E.2d 335.) Other factors should also be considered, and, of course, there are exceptions to this general rule as in a case where the parties have lived beyond their means during marriage and it is readily apparent that both cannot maintain the same high standard of living in separate households after divorce. (See *Sandberg v. Sandberg*, 11 Ill. App. 3d 495, 501, 297 N.E.2d 654.) But these are not the circumstances of this case. As the court noted during the hearing on the petition for modification, the original award of alimony was designed to support Mrs. Shive in the standard of living which she and Mr. Shive had maintained during their marriage. Her needs and his ability to pay therefor must be evaluated in relation to this standard. It

was thus entirely proper for the court to consider monthly expenses which Mrs. Shive presently could not afford under the initial award of alimony, but which reflected what was necessary to maintain the standard of living contemplated by that initial award.

Plaintiff also contends that the trial court's determination of increased need was based solely on inflation. Some courts have held that the increased cost of living since the initial decree is not sufficient evidence of a material change in conditions since both parties are similarly affected by increases in cost of living. (See *Nordstrom v. Nordstrom*, 36 Ill. App. 3d 181, 343 N.E.2d 640; *Goldberg v. Goldberg*, 30 Ill. App. 3d 769, 332 N.E.2d 710.) Plaintiff cites *Nordstrom* and *Goldberg* in support of his contention that the trial court improperly considered the effects of inflation as the sole evidence of Mrs. Shive's increased needs. In *Goldberg* petitioner urged an increased cost of living as evidence of a material change in circumstances. The trial court took judicial notice of the fact that inflation had increased substantially since the original decree and increased Mrs. Goldberg's alimony apparently on this basis. The Appellate Court for the First District reversed, stating:

"We do not believe that inflation in itself is sufficient to establish a material change in circumstances. A material change in circumstances is not shown by merely having the court take judicial notice of inflation, but instead by evidence clearly indicating that the applicant's needs have thereby increased since the original award of alimony." 30 Ill. App. 3d 769, 772.

The appellate court in *Nordstrom* reached a similar conclusion in a case in which petitioner sought an increase in child support based primarily on the increased cost of living since the initial support award. Although petitioner did produce an itemized list of expenses for child support, she did not offer any evidence in support of these itemized expenses and was unable to say how much the cost of supporting the children had increased. The Appellate Court for the First District found this evidence insufficient to show a material change in circumstances and set aside the order increasing child support:

"As to the children's increased needs, plaintiff's testimony consisted almost entirely of general statements and was often concerned with the rise in prices due to inflation. Increased expenditures due to inflation apply to defendant as well as to plaintiff. Consequently, this factor, in and of itself, is not sufficient to establish a material change in circumstances." 36 Ill. App. 3d 181, 185.

■■ In its memorandum in support of the modification of Mrs. Shive's alimony, the trial court did indicate that inflation was a significant factor in Mrs. Shive's increased needs. In this case, however, there was specific

evidence clearly indicating that Mrs. Shive's living expenses had increased since the 1969 decree. Mrs. Shive did not simply rely on a general statement that her living expenses had increased due to inflation, but produced an itemized list of living expenses and explained these expenses in her testimony. Many of the increases can be attributed to inflation while others cannot. Increases in home maintenance costs, for example, were as much the result of an aging residential structure in need of painting and various minor repairs as inflation. Moreover, the principal concern of the *Goldberg* and *Nordstrom* courts was not that inflation be excluded as evidence of increased need, but that a petitioner desiring an increase in alimony or child support be required to provide a specific accounting of increased expenses and not be granted an increase solely on the basis of a general statement that inflation has increased. This concern has been satisfied in this case and we believe that the trial court did not abuse its discretion in considering this evidence of Mrs. Shive's increased need. Plaintiff also claims that the court's reliance upon defendant's itemized list of living expenditures was erroneous since no documentary evidence was provided in support of these expenses. Mrs. Shive, however, had personal knowledge of these expenses and although counsel for Mr. Shive attempted to impeach Mrs. Shive's testimony, no evidence was offered to rebut the evidence of increased living expenses.

■■ Plaintiff's final argument regarding the sufficiency of the evidence of increased need is that Mrs. Shive could easily support herself in the manner in which she was accustomed prior to the divorce if she would sell her assets, put the proceeds into certificates of deposit and draw interest at the rate of $17,000 to $20,000 per year. This claim is related to plaintiff's contention that the division of property under the original decree which resulted in Mrs. Shive receiving the marital home and various securities was not equitable, but in reality was an award of alimony in gross. Plaintiff argues that since alimony in gross and periodic alimony cannot both be granted (*Rodely v. Rodely*, 28 Ill. 2d 347, 192 N.E.2d 347, the trial court abused its discretion in failing to correct this earlier error in the proceeding involved here. A proceeding to modify a decree of alimony, however, is not a review of the equities of the original decree. (*Marriott v. Marriott*, 347 Ill. App. 372, 106 N.E.2d 876.) Plaintiff is appealing from a modification of the original decree. The question presented, therefore, is not whether that decree was correct when entered, but whether Mrs. Shive's needs and Mr. Shive's ability to pay have increased since the decree. The original decree is res judicata as to the circumstances authorizing the initial award of alimony. (*Arnold v. Arnold*, 332 Ill. App. 586, 76 N.E.2d 335.) Mr. Shive cannot now contend that the court was in error in failing to correct an alleged defect in the

original decree, nor can he seek to do so indirectly by treating Mrs. Shive's assets acquired through the equitable distribution of property under the 1969 decree as essentially alimony in gross and require her to convert those assets so as to produce an income which would obviate her need for periodic alimony.

■■ In determining whether to modify an award of alimony, a court should consider the property of both parties, including the income produced from that property. In this case the trial court did take into consideration the income received by Mrs. Shive from interest and dividends. The court also considered plaintiff's contention that Mrs. Shive would not need alimony if she converted her residence into income producing investments, but dismissed plaintiff's valuations of the property and calculations of potential investment income as too speculative. We believe the trial court properly considered all the factors relevant to Mrs. Shive's financial status and did not abuse its discretion in concluding that her needs had materially changed since the initial decree.

Plaintiff also contends that his income has decreased dramatically since the 1969 decree and that he is unable to continue paying alimony. There was some evidence in the record of Mr. Shive's ability to pay alimony. This evidence indicated that since the divorce he has gained control and is now president of Sterling Steel Corporation, and that despite remarriage he is still living in the style he was accustomed to prior to divorce. The issue of Mr. Shive's ability to pay increased alimony, however, was resolved against him because of his failure to comply with the trial court's discovery order. Supreme Court Rule 219(c) provides a number of sanctions a court may impose for failure to comply with a discovery order, among them a judgment by default against a noncomplying party on the issues relevant to the information requested in the discovery order. (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c)(v).) In the recent case of *Buehler v. Whalen*, 70 Ill. 2d 51, 374 N.E.2d 460, our supreme court was faced with a particularly flagrant violation of the discovery rules and took the opportunity to comment on the purpose and importance of discovery procedures:

> "Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts do not countenance violations and unhesitatingly impose sanctions proportionate to the circumstances." 70 Ill. 2d 51, 67.

■■ Mr. Shive not only failed to answer Mrs. Shive's request for financial information regarding Sterling Steel Company but also ignored an order of the court to comply with this request. This information was essential to Mrs. Shive's case for increased alimony. The trial court's

judgment against Mr. Shive on the issue of his ability to pay increased alimony was an appropriate sanction under these circumstances and clearly was not an abuse of discretion.

■■ The only remaining question regarding the modification of alimony is whether the trial court abused its discretion in awarding Mrs. Shive $1300 per month when she requested only $1200 per month. Under the Divorce Act, the court is empowered to award alimony in an amount which "from the evidence and nature of the case, shall be fit, reasonable and just." (Ill. Rev. Stat. 1975, ch. 40, par. 19.) It is obvious that a court in attempting to determine an appropriate award of alimony is to be guided by the evidence in the case and not the prayer for relief. (See *Lau v. West Towns Bus Co.*, 16 Ill. 2d 442, 158 N.E.2d 63.) The amount of alimony awarded rests within the sound discretion of the trial court and will not be set aside unless it is contrary to the manifest weight of the evidence. (*Jackson v. Jackson*, 34 Ill. App. 3d 407, 339 N.E.2d 764.) We conclude that the modification in this case was not against the manifest weight of the evidence.

■■ Plaintiff's final contention of error is that the trial court abused its discretion in failing to punish Phyllis Shive for her violation of the court's order to turn over certain items of personal property to Mr. Shive and to desist from harassing him. The Divorce Act authorizes the enforcement of any order making property settlements or adjusting property rights in any manner consistent with the rules and practices of the court. (Ill. Rev. Stat. 1975, ch. 40, par. 19.) A finding of wilful contempt and imposition of appropriate sanctions is a factual matter to be determined by the trial judge and a reviewing court will not interfere with such determination absent a clear abuse of discretion. (*Janov v. Janov*, 60 Ill. App. 2d 11, 207 N.E.2d 691; *Igney v. Igney*, 303 Ill. App. 563, 25 N.E.2d 608.) In its order of April 15, 1976, the court ordered Mrs. Shive to turn over to Mr. Shive various items of his personal property and took under advisement the issue of Mrs. Shive's violation of prior injunctive orders concerning the transfer of personal property and her alleged harassment of Mr. Shive. We do not believe from our review of the record that there was sufficient evidence for the trial court to find that Mrs. Shive was harassing Mr. Shive. The evidence does indicate that both parties have failed to transfer personal property to each other pursuant to various court orders, but we do not believe that the court abused its discretion in not punishing Mrs. Shive for her violation. Nearly ten years of extensive litigation have occurred in this case and both parties have been found in contempt on various occasions and even threatened with imprisonment. It appears that the trial court may have declined to punish Mrs. Shive in the hope that its order on the petition for modification might provide the basis for a final resolution of this matter without the necessity for further

proceedings. We are unwilling to substitute our judgment for that of the trial court on this question and thereby hinder a prompt resolution of this protracted litigation.

For the foregoing reasons the judgment of the circuit court of St. Clair County is affirmed.

EBERSPACHER, P. J., and JONES, J., concur.