744 P.2d 924

LaVerna SHEETS, Petitioner–Appellant,

v.

Lester T. SHEETS, Respondent–Appellee.

No. 9507.

Court of Appeals of New Mexico.

Oct. 6, 1987.

Wayne A. Jordan, Durrett, Jordan & Durrett, P.C., Alamogordo, for petitioner-appellant.

Darrell N. Brantley, Alamogordo, for respondent-appellee.

## OPINION

DONNELLY, Chief Judge.

LaVerna Sheets, (petitioner) appeals from an order terminating alimony. We discuss: (1) whether the order terminating alimony is supported by evidence indicating a substantial change of circumstances; (2) whether the order terminating alimony is contrary to public policy; and (3) whether the trial court erred in denying petitioner an award of attorney's fees. Reversed and remanded.

The parties were divorced on May 18, 1983, following a marriage of nineteen years. The final decree ordered Lester T. Sheets, (respondent) to pay alimony to petitioner in the sum of $200 per month. Prior to the entry of the final decree, the trial court adopted findings of fact and conclusions of law finding, among other things, that respondent should pay the sum of $200 per month spousal support; that he should make the monthly payment for petitioner's trailer space rental; that respon-

dent should be "given credit for any [social security] payments" received by petitioner; and that petitioner should be "ordered to apply for [social security] benefits." The final decree of divorce entered by the court ordered respondent to pay petitioner $200 per month as alimony but omitted several provisions which had been referred to in its findings, i.e., that respondent pay the trailer space rental, that petitioner apply for social security benefits, and that any social security benefits received by petitioner would be credited against respondent's obligation to pay alimony. No appeal was taken from this order.

On September 27, 1984, petitioner filed a motion to increase the award of alimony, alleging that one of the children of the parties had suffered an accident and that she was required to care for him; that respondent's income had increased; and that petitioner's basic living expenses had increased. Responding thereto, on December 10, 1984, respondent filed a motion requesting that the trial court conform the final decree to the findings of fact which had been adopted prior to the entry of the final decree. Additionally, on January 3, 1985, respondent filed a motion to terminate or reduce alimony.

Following a hearing, on March 7, 1985, the trial court entered an order denying both petitioner's motion to increase spousal support and respondent's motions to conform the final decree or to terminate or reduce alimony. Incorporated in the trial court's order were findings of fact, reciting in part, that at the time of divorce, petitioner had not been eligible to receive supplemental social security benefits but that she should now be directed to "apply for Supplemental Security Income"; and that the trial court should reserve "the right to modify [future] spousal support, depending on whether [petitioner] * * * obtain[s] any Supplemental Security Income [which] modifies the situation herein."

Approximately a year later, on February 5, 1986, respondent again moved to terminate alimony. Petitioner testified at this hearing that because of her age and physical disabilities she had been unable to secure employment. She also testified that she had no income-producing assets and that her basic living expenses for rent, utilities and medicine, excluding cost for food, were approximately $432 per month. At the conclusion of the hearing, the trial court adopted findings of fact determining: at the time of the entry of the final decree herein, respondent had been ordered to pay his former wife the sum of $200 per month as alimony; that in the findings of fact and conclusions of law filed prior to the entry of the final decree, the trial court had found that respondent should be ordered to pay petitioner the sum of $200 per month as alimony but that he should be given credit for any supplemental security income (SSI) payments received by his former wife; that petitioner should be ordered to apply for social security disability benefits; that "it [had been] the Court's [intention] at the time [its original] decision was made and the Findings of Fact were entered that * * * alimony would cease at such time as [she] was eligible for, and receiving * * * [social security] benefits"; that at the time of the hearing on June 24, 1986, petitioner was receiving the sum of $156 per month SSI; and that petitioner's "circumstances have changed since March, 1983 in that the two children are no longer being supported by the parties and [she] is eligible for SSI benefits."

The trial court further found that "[b]ecause of the petitioner's medical condition she is unable to hold a full time job to support herself," and that she was now eligible to receive $336 per month as SSI benefits. The trial court also adopted a finding indicating that the basis for the court's decision to terminate alimony is because "petitioner is now disqualified from receiving $200.00 per month, SSI benefits because she is receiving $200.00 per month from [respondent]," and that if "there were no alimony then the $200.00 per month, which she is now receiving from respondent [would] be paid by [social security]."

Based upon its findings, the trial court entered its order reciting that, "due to [a] change in circumstances" respondent was relieved of his obligation to pay alimony. The court also ordered that each party

shall bear their own attorney's fees and costs.

## I.  TERMINATION OF ALIMONY

Petitioner asserts that the trial court's order terminating alimony was not supported by substantial evidence and that the order is contrary to public policy.

Responding to petitioner's arguments, respondent asserts that petitioner's entitlement to SSI benefits is tantamount to an increase in her earned income and is a proper factor to be considered in determining his former wife's financial needs and the amount, if any, of alimony to be paid. Respondent also contends that the trial court's order terminating alimony was proper because the two children have now attained the age of majority and are no longer dependent upon their parents for support. Respondent argues that these factors, when considered together, constitute a change in circumstances justifying the trial court's termination of alimony. We disagree.

▮ Alimony constitutes support for one spouse by another following the dissolution of the marriage of the parties. Any award of alimony must be based on a showing of need by the dependent spouse, the ability of each party to become self-supporting, and the equities of the particular case. *Ellsworth v. Ellsworth*, 97 N.M. 133, 637 P.2d 564 (1981); *see Russell v. Russell*, 101 N.M. 648, 687 P.2d 83 (1984); *see also* NMSA 1978, § 40-4-7(B)(1) (Repl.1986). Under New Mexico law, the trial court has wide discretion concerning the award or modification of alimony. *Russell*. The trial court's decision relating an award or modification of alimony will be set aside, however, if it constitutes an abuse of discretion or is grounded upon an error of law. *See Ellsworth; Dunning v. Dunning*, 104 N.M. 296, 720 P.2d 1237 (Ct.App. 1985), *aff'd in part & rev'd in part*, 104 N.M. 295, 720 P.2d 1236 (1986).

▮ Factors which the trial court must consider in determining whether it is "just and proper" to award or modify alimony are the needs of the dependent spouse, the spouse's age, health and the means of self support, the earning capacity and the future earnings of the obligor spouse, the duration of the marriage, and the amount of property owned by the parties. *Michelson v. Michelson*, 86 N.M. 107, 520 P.2d 263 (1974). In considering an allowance or modification of alimony, no single factor is controlling and each case must be decided in light of all existing relevant and material circumstances. *See Brister v. Brister*, 92 N.M. 711, 594 P.2d 1167 (1979). A fundamental criterion, however, involving an award or modification of alimony involves the need of the dependent spouse. *Dunning*, 104 N.M. 295, 720 P.2d 1237; *Weaver v. Weaver*, 100 N.M. 165, 667 P.2d 970 (1983).

▮ Where multiple applications seeking modification of alimony have been filed and ruled upon by the trial court, a prior order denying modification of alimony is normally held to be res judicata as to the grounds contained in the prior motion, unless it can be shown that since the entry of the previous order there has been a substantial change of circumstances justifying modification. *See Smith v. Smith*, 98 N.M. 468, 649 P.2d 1381 (1982) (involving modification of child support payments); *see also Marriott v. Marriott*, 347 Ill.App. 372, 106 N.E.2d 876 (1952); *Heuchan v. Heuchan*, 38 Wash.2d 207, 228 P.2d 470 (1951).

▮ At the time of the hearing on respondent's motion to terminate alimony, he was employed at Holloman Air Force Base earning a gross yearly salary of $21,000. In contrast, petitioner was unemployed and her sole income was derived from the $200 per month alimony paid by respondent and the sum of $156 monthly SSI received by her. Respondent owns a mobile home, together with the land it is situated upon free from any indebtedness; except for a few items of furniture, petitioner owns no other assets. At the time of hearing, respondent was 60 years of age and in good health; petitioner was 59 years of age, and was shown to be under medical care and suffering from acute bronchial asthma, emphysema, and numerous allergies. Petitioner's age and disabilities severely restrict her

ability to obtain employment and, thus, she has not attained financial independence.

The trial court's order terminating spousal support was not predicated upon a finding of a diminishment of respondent's ability to pay spousal support or a finding that petitioner's physical disability, employability, financial condition, or that her needs had changed. Instead, the trial court premised its order terminating alimony on a finding that:

> The reason the Court is terminating alimony is because [petitioner] is now disqualified from receiving $200.00 per month, SSI benefits because she is receiving * * * [alimony from respondent and if] there were no alimony then the $200.00 per month, which she is now receiving * * * will be paid by SSI.

As shown by the record, petitioner's total monthly income and resources amounted to $356 per month. Under these circumstances, we hold that the effect of the trial court's order was to substitute public support for spousal support and the trial court's order terminating alimony was not supported by evidence indicating the existence of a change of circumstances justifying termination.

Supplemental Security Income is a federal income maintenance program for the aged, blind, or disabled. 42 U.S.C.A. § 1381 (1983). Eligibility is determined on the basis of need and a showing that the applicant's earning capacity is impaired by either age, blindness or other disability. 42 U.S.C.A. § 1382 (1983); *Burnett v. Heckler*, 756 F.2d 621 (8th Cir.1985). To qualify for SSI benefits, an applicant must show that his income, both earned and unearned, falls below the statutory maximum. *Lapin v. Mathews*, 422 F.Supp. 1089 (D.C.Cir. 1976). Once SSI benefits have been awarded, they are subject to periodic review and can be reduced upon a showing that the recipient has obtained other income. *See* 2 H. McCormick, *Social Security Claims and Procedures*, § 791 (3d ed. 1983).

Petitioner's eligibility for SSI benefits, without more, does not constitute a material change of circumstances justifying termination of alimony. In *Ely v. Ely*, 139 Vt.

238, 427 A.2d 361 (1981), the court considered a case analogous to the case before us. There, respondent contended that the SSI and food stamps income which his former wife was eligible to receive, together with voluntary payments received from her mother, should be treated as "resources" available to reduce or eliminate his liability for alimony. On appeal, the court rejected this argument holding that it was against public policy to substitute SSI for respondent's obligation of spousal support and:

> [Respondent] concedes that 42 U.S.C. § 1382(b)(1) [of the Social Security Act] provides that income available to a recipient under the SSI program shall be offset by the amount of gifts and alimony payments received. This indicates a clear public policy that both the gifts and alimony income are considered as reducing the statutory benefit * * *. The question [however] is not whether there is a right [to these benefits], but the extent of that right. *The [social security] statute would seem to make it clear that [a dependent spouse's] right [to SSI] attaches only when need exists above, not before, the gifts and alimony payments.*

*Id.* at 362–63 (citations omitted; emphasis added). *See also Talbot v. Talbot*, 13 Mass.App. 456, 434 N.E.2d 215 (1982); *Remick v. Remick*, 310 Pa.Super 23, 456 A.2d 163 (1983). Supplemental Security Income is not tantamount to receipt of pension payments or vested retirement benefits, instead such payments are awarded on a showing that the recipient is aged, blind or disabled so as to lack sufficient resources to adequately maintain herself. *See Thomas v. Schweiker*, 666 F.2d 999 (5th Cir.1982).

Respondent further argues that the trial court's findings contemplated that the initial award of alimony was to be temporary in nature so that the obligation would cease when his former wife became eligible to receive SSI. The findings relied upon by respondent, however, were not incorporated into the final decree of divorce and the trial court expressly denied respondent's motion to conform the final decree

to the court's findings of fact and conclusions of law. Language contained in the trial court's decision which is not carried forward in the judgment or final decree is of no effect. *Treadwell v. Henderson*, 58 N.M. 230, 269 P.2d 1108 (1954); *Johnson v. C & H Constr. Co.*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967). Since no appeal was taken from the final decree of divorce, absent a showing of entitlement to relief under SCRA 1986, 1–060(B), or a showing of a change of circumstances justifying modification, termination of the initial order of alimony on grounds urged by respondent was not proper. *See Benavidez v. Benavidez*, 99 N.M. 535, 660 P.2d 1017 (1983). The order of alimony contained in the final decree of divorce, although subject to modification upon a showing of good cause, was not an award of temporary alimony.

Respondent also argues that because federally provided income may be considered part of the payor's assets, it must also be considered as part of the payee's assets. *Sharlot v. Sharlot*, 110 A.D.2d 299, 494 N.Y.S.2d 238 (1985). *Miller v. Miller*, 96 N.M. 497, 632 P.2d 732 (1981) recognizes a like result, however, we do not deem these cases dispositive herein. In the instant case, the issue is whether petitioner's subsequent eligibility and receipt of SSI constituted a change of circumstances. The trial court did not determine that respondent was unable to continue to provide alimony, that petitioner was no longer in financial need, or that she was capable of self support. Absent such findings, petitioner's eligibility for or receipt of SSI benefits did not amount to a change of circumstances justifying termination of alimony.

Because this issue is dispositive, we will not address petitioner's other points raised on appeal.

## II. DENIAL OF ATTORNEY'S FEES

Petitioner contends that the trial court erred in denying her request for attorney's fees and ordering that each party bear their own attorney's fees and expenses herein. Petitioner also asserts that the trial court's order denying attorney's fees is inconsistent with its order granting her

motion for free process incident to this appeal because the latter order was premised upon a finding that she does not have sufficient funds to prosecute an appeal.

In a domestic relations action, the decision to grant or deny an award of attorney's fees is a matter entrusted to the sound discretion of the trial court. *Burnside v. Burnside*, 85 N.M. 517, 514 P.2d 36 (1973). *See* NMSA 1978, § 40–7–4(A) (Repl.1986). The amount of the award, if any, is also discretionary. *Burnside.* If economic disparity exists between adverse parties in a domestic relations case and, hence, one party will be restricted or prevented from preparing or presenting a claim, in the interests of justice, both the trial court and the appellate court may award attorney's fees. *Allen v. Allen*, 98 N.M. 652, 651 P.2d 1296 (1982); *Schuermann v. Schuermann*, 94 N.M. 81, 607 P.2d 619 (1980). This discretion of the trial court in awarding attorney's fees is not unchecked, however, and must be exercised with the view of ensuring a needy party the means to prepare and present his or her case. *Allen; Burnside.* Where a party lacks sufficient funds to pay attorney fees for representation incident to dissolution of marriage or rights incident thereto, and the financial situation of the parties is disparate, it is error to deny an award of reasonable attorney's fees. *See Hertz v. Hertz*, 99 N.M. 320, 657 P.2d 1169 (1983). Based upon the facts herein, the trial court erred in denying an award of attorney's fees to petitioner.

The order terminating spousal support is reversed and the cause is remanded for further proceedings consistent with this opinion. Petitioner is awarded $1,500 for attorney's fees incident to this appeal.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.