This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40340

**LETICIA LOPEZ,**

Petitioner-Appellee,

v.

**JOSHUA GONZE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Court Judge**

Law Office of Dorene A. Kuffer, P.C.
Dorene A. Kuffer
Daniel D. Walton
Lawrence B. Kronen
Albuquerque, NM

for Appellee

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Respondent Joshua Gonze appeals from three district court orders awarding a total of $312,470.27 in attorney fees and costs to Petitioner Leticia Lopez. On appeal, we address two main issues raised by Respondent: (1) whether the district court

abused its discretion in awarding attorney fees to Petitioner; and (2) whether the district court's awards of attorney fees were unreasonable. We affirm.

**BACKGROUND**

**{2}** This appeal stems from an ongoing, nearly fifteen-year-old divorce and child custody proceeding. In April 2020, the district court entered an order pursuant to Rule 1-127 NMRA partially granting Petitioner's motion for attorney fees incurred from 2009 through 2017 (First Order) in the amount of $125,000 for attorney fees and $30,000 in expert witness fees. The same day, the court entered another order, also pursuant to Rule 1-127, partially granting Petitioner's motion for fees incurred in 2017 and 2018 (Second Order) in the amount of $100,000 for attorney fees and $2,470.27 for the cost of a custody evaluation. Then, in August 2021, the district court entered a third order (Third Order), pursuant to Rule 1-127, awarding Petitioner an additional $55,000 in attorney fees incurred in responding to five motions filed by Respondent. Respondent appeals.

**DISCUSSION**

**{3}** On appeal, Respondent presents numerous arguments contesting both the grant and the amount of attorney fees. We briefly address several of these arguments before turning to Respondent's two main assertions of error.

**{4}** On appeal, there is a presumption of correctness in favor of the district court's rulings and the appellant bears the burden of clearly demonstrating that the district court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. Moreover, we review the district court's findings of fact for substantial evidence, *see Autrey v. Autrey*, 2022-NMCA-042, ¶ 9, 516 P.3d 207, including the district court's findings of the Rule 1-127 NMRA factors for granting attorney fees, *see Monsanto v. Monsanto*, 1995-NMCA-048, ¶¶ 17-20, 119 N.M. 678, 894 P.2d 1034 (holding that substantial evidence supported an award of attorney fees where the district court found an economic disparity between the parties based on financial resources available to the parties, including access to assets and the parties' ability to pay their attorney fees throughout the litigation). On appeal, a party challenging a finding for lack of substantial evidence must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence, such as is necessary to inform both the appellee and the Court of the true nature of the appellant's arguments." *Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 28, 135 N.M. 607, 92 P.3d 53. In reviewing a substantial evidence claim, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

**{5}** In this case, Respondent argues that the district court erred by not making findings of fact to support its findings of economic disparity in the First and Second

Orders or its grant of fees in the Third Order. Respondent cites to no authority that states the district court must enter findings of fact to support a grant of attorney fees. Where a party cites no authority to support an argument, we may assume no such authority exists. *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. In fact, the weight of authority contradicts Respondent's suggestion. *See* Rule 1-052(A) NMRA (stating that "[f]indings of fact and conclusions of law are unnecessary" in decisions on certain motions, including motions for attorney fees under Rule 1-127). Therefore, we decline to address this issue.

**{6}** Additionally, Respondent argues that the parties' settlement agreement precluded any awards of attorney fees in this case. Respondent informs this Court that he preserved this issue in six different motions without reference to specific page numbers. However, we find no mention of Respondent's contentions regarding the settlement agreement in these motions. Respondent also makes passing reference to his testimony below that the settlement agreement indicates that the parties intended to bear their own fees.[1] However, the parties' behavior in the following eleven years demonstrates to the contrary. Respondent requested fees both early in the litigation, near the time the settlement agreement was entered, and much later, near the time that Petitioner requested the fees and costs at issue. Respondent cannot request fees below and argue now on appeal that the district court erred by failing to enforce the settlement agreement. *See Culp v. Sandoval*, 1916-NMSC-028, ¶ 31, 22 N.M. 71, 159 P. 956 ("If a person voluntarily acquiesces in, or recognizes the validity of, a judgment, order, or decree, or otherwise takes a position which is inconsistent with the right to appeal therefrom, [they] thereby impliedly waive[ their] right to have such judgment, order, or decree reviewed by an appellate court." (internal quotation marks and citation omitted)). Thus, Respondent has waived this argument.

**{7}** Respondent also contests the district court's finding of fact in the First and Second Orders that third-party funds received by Petitioner were loans and its finding of fact in all three orders that there was an economic disparity between the parties. However, on appeal, Respondent fails to present the evidence both supporting and contesting these findings, and further fails to explain why such evidence does not amount to substantial evidence. *See Aspen Landscaping, Inc.*, 2004-NMCA-063, ¶ 28. Instead, Respondent argues that the district court had substantial evidence to find that the funds were gifts and that there was no economic disparity. The district court found that the funds were loans because "those funds are to be repaid to the third-party." The record includes testimony and several promissory notes indicating that the funds were to be repaid. Respondent argues extensively about the legal requirements for creating

---

[1] Upon our own review of the record, we found relevant oral and written orders by the district court. We remind counsel for Respondent that it is Appellant's responsibility to properly cite the record for our review. *See* Rule 12-321(A) NMRA; *see also Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791 ("In order to preserve an issue for appeal, [the appellant] must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon."); *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the [district] court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue.").

enforceable notes for repayment, but the district court's finding indicates that the court permissibly gave more weight to Petitioner's position that the funds were to be repaid. As a result, Respondent fails to establish that the district court had insufficient evidence to find that the funds were loans, misunderstands our standard of review, and does not demonstrate error. Therefore, the district court's findings regarding economic disparity and the nature of the loans stand. *See Baker v. Endeavor Servs., Inc.*, 2018-NMSC-035, ¶ 2, 428 P.3d 265 ("Unless findings are directly attacked, they are the facts in th[e appellate] court, and a party claiming error on the part of the [district] court must be able to point clearly to the alleged error." (internal quotation marks and citation omitted)). We decline to address these arguments further.[2]

**{8}** We now turn to the remaining arguments presented by Respondent: (1) whether the district court abused its discretion in awarding Petitioner's attorney fees; and (2) whether the amount of the district court's attorney fee award in the Third Order was unreasonable. We review the district court's decision to award attorney fees in domestic relations cases for an abuse of discretion. *Monsanto*, 1995-NMCA-048, ¶ 9. This discretion must be exercised with the intent to ensure each party engaged in "efficient case preparation and presentation." *Id.* "The amount of the [attorney fee] award, if any, is also discretionary." *Sheets v. Sheets*, 1987-NMCA-128, ¶ 21, 106 N.M. 451, 744 P.2d 924. "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances of the case." *Bustos v. Bustos*, 2000-NMCA-040, ¶ 24, 128 N.M. 842, 999 P.2d 1074.

**{9}** Under NMSA 1978, Section 40-4-7(A) (1997), the district court may award attorney fees and costs related to the preparation and presentation of a domestic relations case. When awarding fees, the district court must consider the factors set forth in Rule 1-127: (1) the "disparity of the parties' resources, including assets and incomes"; (2) "prior settlement offers"; (3) "the total amount of fees and costs expended by each party . . . "; and (4) "success on the merits." We discuss Respondent's arguments in turn.

## I.      Grant of Attorney Fees

**{10}** Respondent contends that the district court abused its discretion in awarding attorney fees in the First and Second Orders because the parties failed to reach a settlement agreement, both parties allegedly expended significant legal fees in litigating the ongoing case, and both parties were equally successful on the merits of their motions.[3] We disagree. The district court abuses its discretion in awarding attorney fees

---

2Because we accept the district court's finding that the funds were loans rather than gifts, we need not address Respondent's argument that the district court abused its discretion when not considering the funds as income when assessing the parties' economic disparity. Similarly, because we will not address Respondent's assertions of error in the district court's grant of fees in the Third Order, we need not address Respondent's argument that the district court improperly awarded the fees as a sanction against Respondent.

3As discussed above, Respondent also contends that the district court erred in awarding attorney fees because there was not an economic disparity between the parties. However, as we conclude that Respondent's argument is improperly tailored to our standard of review, *see Aspen Landscaping, Inc.*,

in a domestic relations matter when it fails to consider the factors set forth in Rule 1-127. *See Weddington v. Weddington*, 2004-NMCA-034, ¶ 27, 135 N.M. 198, 86 P.3d 623. In this case, the district court clearly contemplated the relevant factors as it made findings of fact regarding each. The court noted that both Respondent and Petitioner had filed motions of "questionable utility" and "filed a mix of successful and unsuccessful motions." However, the court concluded that "on the whole, Petitioner is found to be slightly more successful on the merits and so this factor weighs slightly in her favor." The district court also noted that Petitioner had used "significant funds to make [her] legal efforts possible." Moreover, the court was presented with settlement offers by both parties. Respondent disagrees with the district court's view of the proposed settlements, the fees incurred, and the parties' relative success, but has not met his burden on appeal to demonstrate that the district court abused its discretion in granting Petitioner's attorney fees in the First and Second Orders. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701. Therefore, we affirm the district court's grant of fees in the First and Second Orders.

## II.    Calculation of Fees

**{11}**    Finally, Respondent argues that the district court abused its discretion by awarding $55,000 in attorney fees in the Third Order because the invoices attached to Petitioner's motion for fees did not include entries specific enough to determine which items related to the motions the fee award was based on. We disagree. The district court clearly reviewed all of the itemized time entries and determined what attorney time was related to this matter. The court heard arguments on the amount of fees and specifically addressed Respondent's concerns about the relevance and reasonableness of the requested fees and reduced the requested amount of fees accordingly. It is clear that the district court reviewed the time and determined whether it related to the matters relevant to the Third Motion for Fees; therefore, we perceive no error and affirm.

## CONCLUSION

**{12}**    For the foregoing reasons, we affirm the district court's orders.

**{13}    IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**

---

2004-NMCA-063, ¶ 28, only Respondent's arguments regarding the remaining Rule 1-127 factors are relevant to our analysis.