455 P.2d 642

**William F. OTTO, Plaintiff-Appellee,**

v.

**Dorothy C. OTTO, Defendant-Appellant.**

**No. 8769.**

Supreme Court of New Mexico.

June 16, 1969.

Edward E. Triviz, Garnett R. Burks, Jr., Las Cruces, for appellant.

Garland, Martin & Martin, Las Cruces, for appellee.

## OPINION

COMPTON, Justice.

This is an appeal from a judgment dividing the community property of the spouses, awarding support for their minor children, and the awarding of alimony.

The appellee is a career Navy man, who had attained the status of Lieutenant Commander, with 31 years experience. The parties had been married 28 years of the 31 years that he had served in the Navy. He retired in 1963 and since then has been drawing retirement pay.

The trial court found and concluded that appellee's retirement pay was his separate property. This finding must be set aside. The character of retirement pay is determined by the law of the state where it is earned; if earned in a community property state during coverture, it is community property, and if it is earned in a non-community property state during coverture, it is separate estate. LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755, decided April 28, 1969. Compare McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250; In re Thornton's Estate, 1 Cal.2d 1, 33 P.2d 1, 92 A.L.R. 1343.

The parties were married in California in 1936 and have resided in New Mexico since December 1963. The only evidence introduced that relates to the issue of the parties' domicile is testimony of the husband tracing his naval activities in response to a question as to how much

time he spent at home during the marriage. He made various references to being stationed in New Mexico and California, both community property states, and in Washington, D. C., Virginia and Florida, non-community property jurisdictions. Although he referred to his wife residing with him on various occasions, it is by no means clear from his testimony where the parties were domiciled during the greater part of the coverture and for what period of time. Findings may not rest upon mere speculation and conjecture. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398. Thus, we conclude that the finding that the retirement pay was the separate property of the husband is not supported by the evidence.

■ It was the duty of the court to divide equally the community property of the spouses. Sands v. Sands, 48 N.M. 458, 152 P.2d 399. Until the extent of the property of the community has been determined, the trial court was in no position to make a fair and just division.

■ The trial court made numerous findings with regard to child support and alimony. The findings demonstrate an honest effort on the part of the trial court to do justice to all concerned but these findings are permeated with the error previously mentioned. The court should know the extent of the community property in making a determination as to alimony and child support.

Accordingly, the judgment is reversed and the cause remanded to the trial court for a determination of the community property of the spouses as shown by the domicile of the parties during coverture. The parties may submit additional evidence on this point and, based thereon, the court will make findings and proceed to divide the community property, award child support and alimony as then may be deemed proper.

It is so ordered.

NOBLE, C. J., and TACKETT, J., concur.