Severo ARRAMBIDE, Appellant,

v.

Isabel ARRAMBIDE, Appellee.

No. 6922.

Court of Civil Appeals of Texas,
El Paso.

June 4, 1980.

David L. Evans, Law Office of Byron L. McClellan, Jr., Copperas Cove, on appeal only; Byron L. McClellan, Jr., Copperas Cove, Edward C. Hughes, El Paso, Loveless, Hartley, Eakman, David L. Evans, Fort Worth, for appellant.

Arne Carl Schonberger, El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit by a former wife against her former husband seeking partition of military retirement benefits that were not divided when the parties were divorced. The principal question presented is whether the Texas community property law has been preempted by a federal statute. The trial Court rendered judgment for the former wife, awarding her a percentage of the former husband's past and future military retirement benefits. We reverse and remand for another trial.

Appellant and Appellee were married in 1948 and were divorced in 1967, having been married 228 months. Appellant entered the United States Army in November of 1943, and retired from military service on September 1, 1974, having 381 months in the service. At the time of divorce, the wife was awarded the home and furniture, which was the only property of the marriage. Appellant's military retirement benefits were not matured at that time, and no division or mention of them was made in the judgment of divorce. The 1967 divorce was heard eight years before the Supreme Court decided in *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976), that the retirement benefits are subject to division as vested contingent community property rights, even though the right had not fully matured. It is now well settled that such military retirement benefits are a part of the community estate and subject to division at the time of divorce, whether matured or unmatured. *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977); *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). But, in some instances, federal statutes may prohibit such division and that is the question that confronts us here.

In *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), the Supreme Court held that benefits payable under the Railroad Retirement Act, and the expectation of ultimately receiving future benefits under the Act, are not subject to division by a state court as "property" upon divorce. Section 231m of the Railroad Retirement Act provides in part that payments under it shall not be subject to any "legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated . . . .." The Supreme Court held that the California state court was precluded from applying its community property law to award the wife an interest in the husband's expectation of ultimately receiving benefits under the Act since, under the supremacy clause of the United States Constitution, such an award would impermissibly conflict with the provisions of the Railroad Retirement Act. 45 U.S.C.A. section 228a et seq. In *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979), the Texas Supreme Court held that it was bound by the *Hisquierdo* decision, and that the award of 40% of the husband's railroad retirement benefits to the wife as a division of the property of the parties was erroneous. A similar result was reached in *Perez v. Perez*, 587 S.W.2d 671 (Tex.1979), when it was held that military readjustment benefits paid to a spouse pursuant to a federal statute were not community property under Texas law. In accordance with the holding in the *Hisquierdo* case, the Court carried out the Congressional intent and classified the benefits as a gift under Texas property rules to comport with the stated federal objectives.

In December of 1979, the Texas Supreme Court was again faced with a preemption question in *Ex parte Johnson*, 591 S.W.2d 453. It was held that an award to a divorced wife of 50% of the husband's anticipated future disability benefits from the Veterans Administration conflicted with the clear intent of Congress that such benefits be solely for the use of the disabled veteran and are exempt from seizure under legal process. Following service in the Navy, the husband was receiving disability retirement pay, but he later executed a waiver of his retirement pay in order to receive the larger disability compensation benefits from the Veterans Administration. Such waiver in exchange of benefits is provided for in 38 U.S.C.A. section 3105. Speaking for the Court, Justice Barrow said:

> Our precise question is whether the supremacy clause of the United States Constitution preempts a division of such benefits. 38 U.S.C. sec. 3101(a) provides in part:
>
> 'Nonassignability and exempt status of benefits
>
> 'Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.'

The Court noted that this was a "strong prohibition against attachment and anticipation of the benefits." It was held that the award of 50% of the benefits to the spouse conflicts with the clear intent of Congress that these benefits be solely for the use of the disabled veteran, and that the diversion of future payments by the divorce judgment as soon as they are paid to him by the Veterans Administration amounts to a seizure of the veterans's benefits for community property purposes, and is in conflict with the exemption provision of the statute.

In the case before us, Appellant urges that the military retirement benefits are preempted from state community property laws by Federal Law. He relies on 38 U.S.C.A. section 3105 which permits a waiver of retirement pay in exchange for benefits from the Veterans Administration. If, in fact, he has made such election, his benefits would not be subject to division under

the holding in *Ex parte Johnson.* He also relies on the Survivor Benefit Plan, 10 U.S. C.A. section 1447 et seq., and its provision that annuities thereunder are exempt from legal process. Section 1450(i). The only evidence on the nature of the retirement benefits is from a question by the Court and the answers to interrogatories by Appellant that he served in the United States Army, he was retired from the Army, the amount of "retirement pay" he was receiving per month, and this question:

How much money is being withheld from your retirement pay for what reason?

| | | |
|---|---|---|
| a. | National Service Life Insurance | $ 19.80 |
| b. | Commercial Life Insurance | 26.05 |
| c. | Veterans Administration Compensation | 121.00 |
| d. | Cost of Suvivor Benefit Plan | 115.07 |
| e. | Federal Income Tax | 132.87 |
| | total | $414.79 |

The Court inquired of counsel: "In the Answers to the Interrogatories, it is shown under 8–C, a portion of this man's check from the military is V.A. which indicates a disability of a certain percentage, right?" Counsel for Appellant responded: "That's correct." There followed some discussion between Court and counsel as to the separate nature of such property and whether it was divisible, but the response that a portion of the retirement benefits was for disability was not challenged. Under *Ex parte Johnson*, the judgment is erroneous in that it awarded some portion of disability benefits of Appellant to Appellee. For such error, it is reversed. Because much is at stake and the case has not been fully developed, it is remanded for another trial in the interest of justice.