632 P.2d 732

Thomas T. MILLER,
Petitioner-Appellant,

v.

Karen A. MILLER, Respondent-Appellee.

No. 13433.

Supreme Court of New Mexico.

Aug. 17, 1981.

Robinson, Stevens & Wainwright, George F. Stevens, Albuquerque, for petitioner-appellant.

Clayburgh, Ashby, Rose & Paskind, Myra C. Lynch, Albuquerque, for respondent-appellee.

OPINION

EASLEY, Chief Justice.

In this divorce case, the trial court held the husband's military retirement pay, earned in Texas, to be community property and awarded a portion of it to the wife, along with granting the wife alimony. The husband appeals. We affirm in part and reverse in part.

The issues presented are:

1. Whether Veterans Administration (VA) compensation benefit is community property subject to division upon dissolution of marriage.

2. Whether a trial court may, in its discretion, award alimony where the sole source of funds for its payments is disability compensation benefits received from the VA and Social Security.

The parties were married in October of 1958, one year after husband's entry into the military service of the United States. Husband received a disability retirement from the U. S. Army on April 11, 1977,

having completed nineteen years, six months and one day of service. He subsequently waived his U. S. Army disability benefit in order to receive VA disability compensation benefit. The couple were divorced in New Mexico on November 14, 1980.

The parties have stipulated that Texas law will determine whether the disability compensation received by husband can be characterized as community property. *Otto v. Otto*, 80 N.M. 331, 455 P.2d 642 (1969).

In *Ex parte Johnson*, 591 S.W.2d 453 (Tex.1979) and *Ex parte Burson*, 615 S.W.2d 192 (Tex.1981), the Texas Supreme Court considered our precise question and held that the supremacy clause of the United States Constitution preempts a division of appellant's VA benefits as community property. That Court found that the intent of Congress was that the benefits were intended for the use of the recipient. *Johnson* at 456.

Comparing the language in the applicable section of the U.S.Code, 38 U.S.C. § 3101(a) (1976), with the language contained in the Railroad Retirement Act, 45 U.S.C. § 231m (1976), and citing the U.S. Supreme Court's decisions with respect to the Railroad Retirement Act, *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), the Texas Court concluded that "the award to [appellant's] ex-spouse of 50 percent of his anticipated future disability benefits from the Veterans Administration conflicts with the clear intent of Congress that these benefits be solely for the use of the disabled veteran." *Johnson* at 456.

In *Burson* the husband retired from the U. S. Air Force and, although his regular retirement was a vested right, he elected to receive disability retirement benefits from the Air Force pursuant to 10 U.S.C. §§ 1201–1221 (1976 & Supp. III 1979), *as amended by* Act of Sept. 8, 1980, Pub.L.No. 96–343, Act of Dec. 12, 1980, Pub.L.No.96–513. Following his retirement he was divorced. Under Texas cases which held that military retirement benefits, even though paid for disability retirement, were community property, he was ordered to make payments out of those benefits to his ex-wife as her share of the community assets. However, after the divorce he waived his Air Force disability benefits in order to receive disability compensation from the VA, pursuant to 38 U.S.C. § 3105 (1976). He thereafter ceased making payments to his ex-wife and she brought suit for contempt. In reversing the contempt order the Court distinguished between those disability benefits received from the Air Force and those subsequently received from the VA. Citing *Johnson*, the Court held that VA benefits were not divisible or assignable as property. *Burson* at 194, 196.

In the case before us, husband, at the time of his divorce, was already receiving his disability compensation from the VA pursuant to 38 U.S.C. § 3105 in lieu of U.S. Army disability retirement benefits under 10 U.S.C. § 1201 *et seq.* We conclude that, under Texas law, those benefits were not divisible or assignable as community property.

Wife argues that the benefits here at issue were actually awarded in lieu of regular retirement benefits which, under Texas law, should be considered as community assets. She asserts that his choice of receiving disability benefits rather than regular retirement benefits does not serve to remove those benefits from the assets of the community, whether they had vested as regular retirement benefits or not. Wife relies on *Dominey v. Dominey*, 481 S.W.2d 473 (Tex.Ct.App.1973), *Marshall v. Marshall*, 511 S.W.2d 72 (Tex.Ct.App.1974) and *Cearly v. Cearly*, 544 S.W.2d 661 (Tex.1976). This reliance is misplaced. Under Texas law, the decisive act is the change of disability retirement benefits from those payable by a Military Department to those payable by the VA. Once this is done, the payments may not be characterized as community property. *Burson, supra; Johnson, supra; see also Arrambide v. Arrambide*, 601 S.W.2d 197 (Tex.Ct.Civ.App.1980).

The second issue raised by husband is whether a trial court in New Mexico may, in its discretion, award alimony when the

sole source of funds for payment are the federal disability compensation benefits received by the husband. The Supreme Court of the United States has recently addressed the question as to what extent state courts may attach benefits awarded under federal programs. In *McCarty v. McCarty,* —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), petitioner was a retired commissioned officer of the U.S. Army. Two years prior to his regular retirement he was divorced. As a party of the property settlement, the California Superior Court awarded the ex-wife an interest in his future retirement pay, holding that a serviceman's military pension and retirement rights were subject to division as community property. The U.S. Supreme Court reversed, holding that federal law precludes a California court from dividing military retirement pay pursuant to state community property laws. *McCarty, supra.*

However, the Court went on to address the question whether federal benefits could be subject to legal process for spousal support. The Court first noted that Congress, in 1972, had refused to single out military retirement pay for the enforcement of court orders for spousal support, which was not imposed on any other federal employee or retired employee. Instead, "Congress determined that the problem of the attachment of military pay should be considered in the context of legislation that would require all federal pays to be subject to attachment." *McCarty,* —— U.S. at ——, 101 S.Ct. at 2740.

In 1975 Congress amended the Social Security Act to provide that "... moneys ... payable by, the United States ... (including any agency, subdivision or instrumentality thereof) to any individual, including members of the armed services, shall be subject ... to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." 42 U.S.C. § 659(a) (Supp. III 1979). In 1977 Congress added a new definitional section, 42 U.S.C. § 662(c) (Supp. III 1979) which provided that the term "alimony" in § 659(a) "does not include any payment or transfer of property ... in compliance with any community property settlement...." *McCarty,* —— U.S. at ——, 101 S.Ct. at 2740. The U.S. Supreme Court concluded that "Congress, in adopting [§ 662(c)] thought that a family's need for support could justify garnishment, even though it deflected other federal benefits from their intended goals, but that community property claims, *which are not based on need,* could not do so." *McCarty,* —— U.S. at ——, 101 S.Ct. at 2740, quoting *Hisquierdo,* 439 U.S. at 587, 99 S.Ct. at 811. (Emphasis added.)

In the case at bar, the disability compensation benefits which husband receives from the VA fall within those "federal benefits" which the Congress contemplated in its 1975 amendments to the Social Security Act, and which the U.S. Supreme Court held could be subject to attachment for spousal support. We find no federal bar to the award of alimony where the source for its payment is disability compensation payable under federal programs. Husband asserts that these benefits should be considered in the same light as proceeds from any accident or health insurance policy, and as such should be held exempt under New Mexico law from attachment or garnishment, citing Section 42–10–3, N.M.S.A.1978. We do not agree. As we have noted, the Congress has seen fit to create an exemption to the general provision of non-assignability of benefits received under 38 U.S.C. § 3105, to allow for spousal support. The public policy concerns which led the Congress to adopt the amendments to the Social Security Act cited *supra,* are no less operative at the state level. To create the distinction argued for by husband would have the anomalous effect of frustrating the intent of the Congress through definition.

We find no abuse of discretion in the trial court's awarding alimony, where the sole sources of payment are disability compensation benefits payable by the VA and Social Security.

Wife requests that she be awarded reasonable attorney fees and costs incurred

incident to this appeal. Section 40–4–7(A), N.M.S.A.1978 provides, in pertinent part, that the Court may make an order relative to the expenses of the proceedings, as will insure either party an efficient preparation and presentation of his case. This Court has held that section applicable to costs and fees incurred on appeal as well. *Jones v. Jones*, 67 N.M. 415, 356 P.2d 231 (1960), *Fitzgerald v. Fitzgerald*, 70 N.M. 11, 369 P.2d 398 (1962). The trial court found that there was a need for the wife to receive assistance with her lawyer's fees at the trial level, we find a similar need here.

The decree of the district court that wife is entitled to a portion of husband's disability benefits as community property is reversed. The case is remanded with instructions to recompute the property settlement consistent with this opinion, and following that, and if deemed necessary by the court, to reassess the wife's need for alimony and make such adjustments as are indicated. The wife is awarded attorney fees and costs for this appeal in the amount of $1,770.

IT IS SO ORDERED.

FEDERICI and RIORDAN, JJ., concur.