634 P.2d 1264

**Samuel ESPINDA, Petitioner-Appellant and Cross-Appellee,**

v.

**Ingrid ESPINDA, Respondent-Appellee and Cross-Appellant.**

**No. 13334.**

Supreme Court of New Mexico.

Sept. 28, 1981.

Teel & Walker, William D. Teel, Albuquerque, for petitioner-appellant and cross-appellee.

Michael L. Danoff, Albuquerque, for respondent-appellee and cross-appellant.

## OPINION

FEDERICI, Justice.

This is an appeal from the District Court of Bernalillo County. The suit was for divorce and property settlement. Husband appeals the issue involving military retirement pay, and wife cross-appeals on the issues of alimony and attorney fees. We reverse on the appeal and affirm in part and reverse in part on the cross-appeal.

Husband was in the military from February 1956 until January 1976. The parties were married in November 1959 and lived in Hawaii from the time of their marriage until 1976, when they moved to New Mexico. The parties were divorced while domiciled in New Mexico. Final decree of divorce was entered on August 13, 1979. The trial court found that husband's military retirement benefits were community property and one-half of the benefits were awarded to wife.

The issue presented on appeal is: Whether the husband's military retirement benefits are community property and subject to division upon dissolution of marriage.

In this State, the character of retirement pay is determined by the law of the state where it was earned. *Otto v. Otto*, 80 N.M. 331, 455 P.2d 642 (1969). However, that question is not involved in this case because husband's retirement pay is military. The character of nondisability military retirement has been preempted by federal law. *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

In New Mexico, we have held that military retirement was community property for purposes of distribution of property upon dissolution of marriage. *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969). In light of the decision in *McCarty, supra*, the case of *LeClert* and all other cases following *LeClert* are overruled insofar as they hold that military retirement pay is part of the community property subject to division upon dissolution of marriage.

In *McCarty, supra*, the Supreme Court of the United States held that federal law preempted and therefore precluded state law from dividing military retirement pay as community property pursuant to state community property laws. The military retirement pay was the separate property of the spouse who was entitled to receive it.

The result in *McCarty* is limited to the type of retirement involved in that case; namely, nondisability military retirement pay. The Supreme Court of the United States specifically limited *McCarty's* effect.

In distinguishing military nondisability retirement from other retirement plans, the Supreme Court of the United States said:

The nondisability retirement system is noncontributory in that neither the service member nor the Federal Government makes periodic contributions to any fund during the period of active service; instead, retired pay is funded by annual appropriations. [Citations omitted.] In contrast, since 1957, military personnel have been required to contribute to the Social Security System. Pub.L. 84–881, 70 Stat. 870 (1956). See 42 U.S.C. §§ 410(*l*) and (m). Upon satisfying the necessary age requirements, the Army re-

tiree, the spouse, an ex-spouse who was married to the retiree for at least 10 years, and any dependent children are entitled to Social Security benefits. See 42 U.S.C. §§ 402(a) to (f) (1976 ed. and Supp. III).

Military retired pay terminates with the retired service member's death, and does not pass to the member's heirs.

. . . .

Appellant correctly notes that military retired pay differs in some significant respects from a typical pension or retirement plan.

*Id.,* —— U.S. at ——, 101 S.Ct. at 2732, 2735. *Compare Miller v. Miller,* 96 N.M. 497, 632 P.2d 732 (1981).

In view of the holding in *McCarty, supra,* issued subsequent to the trial court decision here, we must conclude that the trial court erred in holding that husband's military retirement pay was part of the community property subject to division upon dissolution of marriage.

In her cross-appeal, wife presents two issues: (1) whether the family home is community property, and (2) whether the wife is entitled to alimony and attorney fees.

In support of Issue (1), wife introduced the following evidence: (a) a real property transaction loan containing the names of the husband and wife as customers; (b) a mortgage for the property containing the signatures of husband and wife; and (c) a deed for the home containing the names of husband and wife.

On the other hand, husband introduced evidence in the trial court that the $10,000 downpayment on the family home was made with funds from his separate property. While husband agrees that there is a presumption of community property, he relies on principles of tracing to show that he has satisfactorily rebutted the presumption. Husband introduced evidence to show that the downpayment originated from husband's inheritance as well as from the sale of a home in Hawaii which wife admitted was husband's separate property.

The evidence is conflicting. However, the trial court found in favor of husband. There is substantial evidence to support the trial court's findings and judgment.

As to Issue (2), we conclude that one of the reasons the trial court denied alimony and attorney fees was because the judge had determined that wife was entitled to one-half of husband's military retirement pay. We have now held that this was error. In view of that result, we remand the case to the trial court for further consideration of the request by wife for alimony and attorney fees. *See Miller v. Miller, supra.*

The cause is remanded to the trial court for further proceedings consistent with this opinion. In view of the results we have reached on appeal, each of the parties shall bear their own costs and attorney fees in this appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and PHILIP R. ASHBY, District Judge, concur.