652 P.2d 1193

**Ruth STROSHINE, Petitioner-Appellant,**

v.

**Arnold STROSHINE, Respondent-Appellee.**

**No. 14003.**

Supreme Court of New Mexico.

Sept. 29, 1982.

Overstreet & Sandenaw, Alamogordo, for petitioner-appellant.

Alvin F. Jones, Roswell, for respondent-appellee.

OPINION

FEDERICI, Justice.

This case involves an appeal from the district court of Otero County. Originally consolidated with other similar cases in *Whenry v. Whenry,* 21 N.M.St.B.Bull. 882 (1982), this Court granted rehearing in order to review only the Stroshine case. The trial court ruled that, based upon *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), Mr. Stroshine was entitled to relief from paying any portion of his *disability* retirement pay to Mrs. Stroshine. This Court held in *Whenry,* in accord with *McCarty,* that military *nondisability* retirement pay is the separate property of the retiree but that *Whenry* would only be applied prospectively. *See also Espinda v. Espinda,* 96 N.M. 712, 634 P.2d 1264 (1981). We reverse the trial court.

■ The narrow issue presented on rehearing, and not answered in *Whenry,* is: Whether Mr. Stroshine's *disability* retirement pay is community property and is therefore subject to division upon dissolution of marriage. We hold that it is community property.

In this case, the parties were divorced on February 11, 1974. The final divorce decree provided that Mrs. Stroshine would receive a portion of Mr. Stroshine's disability retirement pay as her community interest therein. On November 21, 1979, in a subsequent' cause of action between the parties, the trial court determined that Mrs. Stroshine was entitled to receive 23.8% of Mr. Stroshine's Veteran's Administration benefits (disability retirement pay). In a further action between the parties, Mrs. Stroshine filed an action to enforce or modify the final decree. On September 24, 1981, the trial court, relying upon *McCarty,* held that Mr. Stroshine should be relieved of making any further payments to Mrs. Stroshine from his disability retirement pay.

■■ This analysis begins with the well settled law in New Mexico that property acquired by either or both spouses during their marriage is presumptively community property. *See* Section 40–3–8, N.M.S.A. 1978; *Nichols v. Nichols,* 21 N.M.St.B.Bull. 864 (1982). And, "property acquired in community property states takes its status as community or separate property at the very time it is acquired, and is fixed by the manner of its acquisition." *Laughlin v. Laughlin,* 49 N.M. 20, 37, 155 P.2d 1010, 1020 (1944) (citations omitted). The presumption of community property, however, is subject to being rebutted by a preponderance of the evidence. *Campbell v. Campbell,* 62 N.M. 330, 310 P.2d 266 (1957). Here, the record shows that a portion of Mr. Stroshine's disability benefits was earned during coverture. This case, therefore, involves an asset acquired during coverture where the presumption is that the asset is community property. Section 40–3–12(A), N.M.S.A. 1978. The fact that the asset in this case is a disability retirement asset does not deprive a state court from dividing the asset upon dissolution of marriage. *Hughes v. Hughes,* 96 N.M. 719, 634 P.2d 1271 (1981). In *Hughes,* this Court said that to the extent that the community contributed to the husband's federal civil service disability fund, the federal disability benefits are community property. *Id.* at 722, 634 P.2d at 1274. *See Guy v. Guy,* 98 Idaho 205, 560 P.2d 876 (1977). In this case, the presumption that Mr. Stroshine's disability retirement pay was a community property asset was never rebutted by Mr. Stroshine by showing the separate character of the asset. *Burlingham v. Burlingham,* 72 N.M. 433, 384 P.2d 699 (1963). *McCarty* does not serve to upset the presumption that disability retirement pay is a community property asset.

Similarly, the *McCarty* case does not deprive state courts from dividing military disability retirement pay upon dissolution of marriage. In *McCarty,* the United States Supreme Court specifically restricted its holding only to military nondisability retirement pay. *Id.* 453 U.S. at 213, 101 S.Ct. at 2731. Accordingly, absent any clear expression to the contrary, there is no federal preemption of state domestic relations law with respect to disability retirement pay. *Hines v. Davidowitz,* 312 U.S. 52, 53, 61 S.Ct. 399, 400, 85 L.Ed. 581 (1941). *McCarty* remains yet the exception, and not the rule, that federal law will not preempt state property law, as family law and property law are recognized as matters of particularly local concern. *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979); *United States v. Yazell,* 382 U.S. 341, 349, 352, 86 S.Ct. 500, 506, 16 L.Ed.2d 404 (1966). A factually similar case to the one at bar, *Miller v. Miller,* 96 N.M. 497, 632 P.2d 732 (1981) and one which the appellee urges us to follow, we decline to adopt as New Mexico authority. In *Miller,* this Court held that under Texas community property law, Veterans Administration disability benefits were not divisible or assignable as community property. *Id.* at 498, 632 P.2d at 733. *Miller,* however, in interpreting Texas community property law, is not apposite to New Mexico community property law with regard to division of disability retirement pay. *Miller* is not, therefore, dispositive of the case at bar.

Likewise, *Sena v. Roudebush,* 442 F.Supp. 153 (D.C.N.M.1977), which tangentially decided the issue at bar, we find to be inapposite to accepted notions of New Mexico community property law. We therefore conclude that disability retirement pay is community property in this case for purposes of distribution of property upon dissolution of marriage.

Necessarily in this case, as in *Whenry,* we must decide whether to give this case retroactive or prospective application. In *Whenry,* we said:

> We are also persuaded that the rationale underlying the *McCarty* decision does not mandate its retroactive application. Nothing in *McCarty* suggests that the Court intended to invalidate or otherwise render unenforceable, prior valid and subsisting state court judgments.

*Id.,* N.M.St.B.Bull. at 886.

Because Mr. Stroshine never appealed, or sought to modify the final divorce decree, or did so in any subsequent action between the parties that expressly or impliedly decided the issue of the division of disability retirement pay, the judgments of the trial court in 1974, as modified in 1979, were res judicata. *Id. Smith v. Smith,* 21 N.M.St.B.Bull. 1080, 1081 (1982); *Wehrle v. Robinson,* 92 N.M. 485, 590 P.2d 633 (1979). Therefore, the trial court erred in this case in applying *McCarty* in a retroactive fashion in order to relieve Mr. Stroshine of making any further payments to Mrs. Stroshine from his disability retirement pay.

This case is remanded with directions to enter such orders and judgments as are necessary to conform with this opinion.

Each party shall bear his or her own attorney fees. Mrs. Stroshine shall recover costs of this appeal.

IT IS SO ORDERED.

EASLEY, C.J., SOSA, Senior Justice, and PAYNE and RIORDAN, JJ., concur.