672 P.2d 657

**David E. WALENTOWSKI, Petitioner-Appellee,**

v.

**Rita WALENTOWSKI, Respondent-Appellant.**

No. 14814.

Supreme Court of New Mexico.

Nov. 30, 1983.

Alonzo J. Padilla, Albuquerque, for respondent-appellant.

J. Lee Cathey, Carlsbad, for petitioner-appellee.

## OPINION

SOSA, Senior Justice.

Rita Walentowski (Respondent), appeals from the court ordered division of marital property in a marriage dissolution proceeding brought by David Walentowski (Petitioner).

The issues raised by the parties are (1) whether the trial court's ruling that the husband's military retirement benefits were not community property was improper in view of the recent enactment by Congress of the Uniformed Services Former Spouses' Protection Act (Act) Sections 1001–1006 (Pub.L. No. 97–252, 96 Stat. 730) then codified in 10 U.S.C.; (2) whether the trial court abused its discretion in not awarding alimony to the wife; (3) whether Respondent wife should be awarded attorney's fees for this appeal. The clear question upon which this case turns is whether the Act, which allows each state to determine the marital property status of military retirement benefits, should be given retroactive application to the date of the decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). We hold the Act should be given retroactive effect to June 25, 1981.

David and Rita Walentowski were married on May 12, 1967 in Maryland. At the time of their marriage the husband had served in the military since October, 1963. Husband filed a petition for dissolution of marriage on July 15, 1982. In her answer to the petition, filed September 21, 1982, the Respondent wife requested an equitable division of community property including Petitioner's military retirement pay as well as alimony. At the time of the final decree of dissolution on January 3, 1983, the parties were married approximately fifteen of the nineteen years the husband had served in the military. He is eligible for retirement upon completing twenty years military service. Respondent challenges the finding of the trial court that she has no interest in her husband's military retirement benefits and the court's failure to award alimony.

The dates during which most of these proceedings occurred are significant because they fall within the period between June 26, 1981 (*McCarty*) and February 1, 1983, the effective date of the Act, found at Section 1006(a). The Act, signed by President Reagan on September 8, 1982, amended Title 10 Section 1408 of the United States Code and had the effect of reversing the *McCarty* decision.[1]

*McCarty* held that federal law preempted and therefore precluded a state court from dividing military retirement pay pursuant to state community property laws. Prior to *McCarty,* New Mexico held that military retirement was community property for purposes of distribution of property upon

---

1. Section 1002 was amended by adding at the end thereof a new section, 10 U.S.C. § 1408.

divorce. *LeClert v. LeClert,* 80 N.M. 235, 453 P.2d 755 (1969). Following the *McCarty* decision, this Court overruled *LeClert* and its progeny "insofar as they hold that military retirement pay is part of the community property subject to division upon dissolution of marriage." *Espinda v. Espinda,* 96 N.M. 712, 713, 634 P.2d 1264, 1265 (1981). Interpreting *McCarty* we stated in *Espinda,* "[t]he military retirement pay was the separate property of the spouse who was entitled to receive it." *Id.* at 713, 634 P.2d at 1265.

The Act overrules *McCarty,* stating

[A] court may treat disposable retired or retainer pay payable to a member for pay periods beginning *after June 25, 1981,* either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. § 1408(c)(1) (emphasis added).

■ Under the provisions of the Act, New Mexico law treating military retirement pensions as community property is no longer preempted. Therefore that part of *Espinda* holding the character of nondisability military retirement benefits is separate property is superseded by this opinion to the extent authorized by 10 U.S.C. Section 1408. We reinstate the law as it was under *LeClert.*

■ Respondent wife argues that although the effective date of the Act is February 1, 1983, one month after the date of her final divorce decree, the clear Congressional intent that it be retroactive was manifested first, by the insertion of the June 25, 1981 date into the Act itself, and second, in the Act's legislative history. The legislative intent was to abrogate all applications of the *McCarty* decision and place the courts into a pre-*McCarty* position. This is apparent from the legislative history which states

The purpose of this provision is to place the courts in the same position that they were in on June 26, 1981, the date of the *McCarty* decision, with respect to treatment of nondisability military retired or retainer pay. The provision is intended

to remove the federal pre-emption found to exist by the United States Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisable [sic]. Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution. This power is returned to the courts retroactive to June 26, 1981. This retroactive application will at least afford individuals who were divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision.

S.Rep. No. 97–502, 97th Cong., 2nd Sess. 15, (1982), *reprinted in* 1982 U.S.Code Cong. & Ad.News 1596, 1611.

Numerous states have followed this clear pronouncement and have held that the power to determine and distribute marital property is returned to the states retroactive to June 25, 1981. *See Chase v. Chase,* 662 P.2d 944 (Alaska 1983); *DeGryse v. DeGryse,* 135 Ariz. 335, 661 P.2d 185, (1983). *Steczo v. Steczo,* 135 Ariz. 199, 659 P.2d 1344 (App. 1983); *In re Marriage of Buikema,* 139 Cal. App.3d 689, 188 Cal.Rptr. 856 (1983); *In re Marriage of Frederick,* 141 Cal.App.3d 876, 190 Cal.Rptr. 588 (1983); *Coates v. Coates,* 650 S.W.2d 307 (Mo.App.1983); *Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982). Arizona considered the Act to contain a clause giving "express authorization" of rectroactivity. *DeGryse,* 135 Ariz. at 338, 661 P.2d at 188.

In addition to Section 1408(c)(1) of the Act, the California courts also rely on Section 1006(b) which states

Subsection (d) of Section 1408 of title 10, United States Code, as added by Section 1002(a), shall apply only with respect to payments [made directly from the Secretary to the former spouse] of retired or retainer pay for periods beginning on or

after the effective date of this title, but *without regard to the date of any court order.*

10 U.S.C. § 1408 note (emphasis added). *See Fransen v. Fransen,* 142 Cal.App.3d 419, 190 Cal.Rptr. 885 (1983); *In re Marriage of Hopkins,* 142 Cal.App.3d 350, 191 Cal.Rptr. 70 (1983).

Our research has uncovered several cases with similar fact patterns in which sister states have invoked the retroactive date of June 25, 1981, for the Act. These cases involve dissolution of marriage decrees entered post *McCarty* but prior to February 1, 1983. *See In re Marriage of Ankenman,* 142 Cal.App.3d 833, 191 Cal.Rptr. 292 (1983); *Madrid v. Madrid,* 643 S.W.2d 186 (Tex.App.1983). *See also, In re Marriage of Sarles,* 143 Cal.App.3d 24, 191 Cal.Rptr. 514 (1983) (retaining jurisdiction during interim).

In response, Petitioner husband directs us to *Psomas v. Psomas,* 99 N.M. 606, 661 P.2d 884, (1982) where the issue before the Court was asserted abuse of discretion in an alimony award. There we noted a statute is not given rectroactive effect unless there exists a clear intention on the part of the legislature for rectroactivity. At the time of *Psomas* we stated in dictum that there was "[n]o such legislative intent expressed in Pub.L. No. 97–252." *Id.* at 609, 661 P.2d at 887. After reviewing the express legislative intent and the law of our sister states, we alter this statement in *Psomas* and conclude that there is sufficient legislative intent shown to hold the Act retroactively applies beginning June 25, 1981. This Court is in agreement with our sister states and recognizes the need to give protection to those former spouses who fell between the cracks of time that ran from *McCarty* to the enactment of the Act. Following the reasoning in *Hopkins* we agree that

> Not to apply the Act retroactive to June 25, 1981, would yield far more problems than would any mechanical application of a calendar-determining set of laws. To allow cases decided, but not yet final, either before or during the relatively short interval of *McCarty* to be subject to the *McCarty* rule would carve out of the many persons entitled to military pensions a fortunate or unfortunate few who had substantial rights determined by the vagaries of the calendar. * * * Most importantly, it would allow the happenstance of the calendar to thwart the meaning of Congress when the Congress did quickly and affirmatively act to clearly and fully make these pension rights subject to the state's control. Indeed, not to apply the Act retroactively would be to thwart the very title of the Act, the 'Uniform Services Former Spouses' Protection Act.'

*Id.* at 360, 191 Cal.Rptr. at 77.

As to the issue of the court's abuse of discretion for failure to grant alimony, this determination should be made by the trial court in light of the decision made today regarding division of military retirement benefits.

The trial court is reversed as to the determination that military retirement benefits are separate property. The request for attorney's fees for this appeal is granted for the sum of $1200.00 pursuant to NMSA 1978, Section 40–4–7(A) (Repl.Pamp.1983).

This cause is reversed and remanded to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and STOWERS, J., concur.