678 P.2d 1180

**Joann KOPPENHAVER, Petitioner-Appellant,**

v.

**Donald KOPPENHAVER, Respondent-Appellee.**

**No. 7406.**

Court of Appeals of New Mexico.

Feb. 14, 1984.

Certiorari Denied March 16, 1984.

Sandra Morgan Little, Atkinson & Kelsey, P.A., Albuquerque, for petitioner-appellant.

Kenneth C. Leach, Popejoy, Leach & Silko, P.C., Albuquerque, for respondent-appellee.

**OPINION**

DONNELLY, Chief Judge.

Joann Koppenhaver, wife, appeals from an order of the trial court denying her motion to set aside a final decree of separation and to permit her to assert a claim against her husband's, Donald Koppenhaver's, military retirement benefits.

Two issues are presented on appeal: (1) claim of retroactivity of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § '1408 (1983) (Former Spouses' Protection Act) and; (2) claim of error in denying post-judgment relief.

The following chronology details the significant events herein. On March 24, 1981, the wife filed a petition in the District Court of Bernalillo County, seeking legal separation. Three months later, on June 26, 1981, during the pendency of wife's action, the United States Supreme Court issued its decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). On January 19, 1982, the final decree of legal separation was entered between the parties herein. Thereafter, on September 8, 1982, Congress enacted the Former Spouses' Protection Act.

One day less than a year following the entry of the final decree of legal separation, January 18, 1983, the wife filed a motion to set aside the decree and petitioned for dissolution of marriage. Following a hearing on August 29, 1983, the trial

court denied the wife's motion to set aside the final decree of legal separation and specifically found that the Former Spouses' Protection Act should not be applied retroactively. The record before us does not indicate whether any action was taken on the wife's petition for dissolution of marriage.

## I. *Retroactivity of Statute*

■ The wife contends that the Former Spouses' Protection Act should be given retroactive application to the date of the United States Supreme Court decision in *McCarty* (June 26, 1981). A brief historical review of the shifting law relating to the authority of a state court to allocate a spouse's interest in military retirement benefits is helpful to our analysis.

In *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969), it was recognized that an interest in military retirement benefits, acquired by the spouse in the military while a resident of New Mexico, could be divided as community property. Then, on June 26, 1981, the United States Supreme Court in *McCarty*, held that under the federal law governing military retirement benefits, the states were precluded from dividing those benefits between spouses pursuant to state community property laws. The Court in *McCarty* ruled that military retirement pay was the separate property of the spouse who had served in the military. The effect of the *McCarty* decision was recognized by the New Mexico Supreme Court in *Espinda v. Espinda*, 96 N.M. 712, 634 P.2d 1264 (1981) (holding that *McCarty* overruled prior New Mexico law which had allowed division of nondisability military retirement pay as community property upon divorce). *See also Hughes v. Hughes*, 96 N.M. 719, 634 P.2d 1271 (1981) (limiting the effect of *McCarty* to nondisability retirement benefits.)

The court in *Whenry v. Whenry*, 98 N.M. 737, 652 P.2d 1188 (1982), next examined the issue of whether the *McCarty* and *Espinda* decisions should be applied retroactively to decrees issued in New Mexico courts which became final prior to the United States Supreme Court ruling in *McCarty*. *Whenry* held that *McCarty* and *Espinda* should not be applied retroactively, recognizing the disturbing effect retroactive application would have upon the principle of giving finality to prior judgments.

On September 8, 1982, Congress passed the Former Spouses' Protection Act, in order to permit courts to treat military retirement benefits in accordance with their respective state's property laws. The Act provided that "a court may treat [retirement benefits] * * * either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction * * *." 10 U.S.C.A. § 1408(c)(1). The Act also provided that upon receipt of a court order entered by a state court in a legal separation or dissolution of marriage proceeding which has allocated portions of a military veteran's retirement benefits, "the Secretary [of Defense] shall * * * make payments to the spouse or former spouse in the amount * * provided for in the court order." 10 U.S.C.A., § 1408(d)(1).

The wife, herein, while acknowledging the holdings in *Espinda* and *Whenry* with respect to the rule denying retroactive application of *McCarty*, contends that the intent of Congress by enacting the Former Spouses' Protection Act, was to abolish the effect of the ruling in *McCarty*. She argues that Congress intended this legislation to be remedial in nature and to be given retroactive effect.

The wife's argument was first addressed in *Psomas v. Psomas*, 99 N.M. 606, 661 P.2d 884 (1982), wherein the court held that the Former Spouses' Protection Act was not retroactive and that a wife's failure to appeal the question of her entitlement to an interest in her husband's military retirement benefits, resulted in a failure to properly preserve the issue for appellate review. However, in *Walentowski v. Walentowski*, 100 N.M. 484, 672 P.2d 657 (1983), our Supreme Court overruled its prior decision in *Psomas* insofar as it had denied retroactive application of the Former

Spouses' Protection Act. *Walentowski* held in applicable part:

> The legislative intent [of the Former Spouses' Protection Act] was to abrogate all applications of the *McCarty* decision and place the courts into a pre-*McCarty* position. * * * [W]e alter * * * *Psomas* and conclude that there is sufficient legislative intent shown to hold the Act retroactively applies beginning June 25, 1981.

672 P.2d at 659–60.

The court in *Walentowski* quoted with approval from *In re Marriage of Hopkins*, 142 Cal.App.3d 350, 191 Cal.Rptr. 70 (1983), noting that not to apply the act retroactively "would carve out of the many persons entitled to military pensions a fortunate or unfortunate few who had substantial rights determined by the vagaries of the calendar. * * * " *Id.* 672 P.2d at 660.

The clear import of *Walentowski* is that the Former Spouses' Protection Act is subject to retroactive application to June 25, 1981.

## II. *Post Judgment Relief*

The wife contends the trial court erred in refusing to grant her motion under NMSA 1978, Civ.P.R. 60(b) (Repl.Pamp.1980), to modify the decree of legal separation, and to allow her an interest in her former husband's military retirement benefits. The wife also contends that due to her reliance upon the ruling in *McCarty*, she agreed that her former husband's military retirement benefits constituted his separate property. On appeal she argues that because the *McCarty* decision has been abrogated by the enactment of the Former Spouses' Protection Act, and because such legislation has been held to be retroactive to June 25, 1981, (prior to the entry of the decree of legal separation in her case), it was fundamentally unfair to deny her motion to modify the decree of legal separation entered January 19, 1982, depriving her of an interest in this substantial asset.

The husband counters with the argument that it would be inequitable to permit the reopening of the property settlement agreement when the wife has failed to preserve her claim by pursuing an appeal from the decree of legal separation. The husband contends that the recognition of the need for finality of judgments as noted in *Whenry*, outweighs the wife's claim that the former decree should be modified.

■ The wife's motion seeking modification of the decree of legal separation was predicated upon Rule 60(b), although silent as to which subsection of that rule was the specific basis for the motion. Rule 60(b) has been recognized as providing a reservoir of equitable power in order to accomplish justice. *Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978). Rule 60(b) seeks to carefully balance the competing principles of finality on the one hand, while permitting relief from unjust judgments on the other. *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 *modified on other grounds*, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949). Precise nomenclature for the motion seeking relief from the finality of a judgment is not controlling; the court must look to the substance of the relief sought. *Greenspahn v. Joseph E. Seagram & Sons*, 186 F.2d 616 (2d Cir.1951); *see Winfield Assoc., Inc. v. Stonecipher*, 429 F.2d 1087 (10th Cir.1970).

Whether any of the first five provisions of Rule 60(b) authorizing post judgment relief for specific reasons can be applied to the facts here we need not decide; due to the unique circumstances of this case, this motion can be properly brought within the general provision of subsection (b)(6) of the Rule. Subsection (b)(6) authorizes the trial court to exercise its sound discretion to relieve a party from the effect of a final judgment for "*any other reason justifying relief* from the operation of the judgment." [Emphasis added.] The only time restriction upon the granting of relief under Rule 60(b)(6), is one of "reasonable time".

■ To accomplish the purpose of Rule 60(b)(6), the rule has been held to vest power in the trial court to modify judgments whenever such action is appropriate

to effectuate justice. *Perez v. Perez*, 75 N.M. 656, 409 P.2d 804 (1966); *Klapprott.* Rule 60(b)(6), should be liberally applied to situations not covered in the preceding five clauses. *Foundation Reserve Ins. Co. v. Martin*, 79 N.M. 737, 449 P.2d 339 (Ct.App. 1968). This is so even when giving due regard for the interest of promoting the finality of judgments. The trial court has the power to grant relief from a judgment whenever, after considering all the material factors, the action is appropriate to further justice. *Id.*

■ Rule 60(b) cannot be used as a substitute for an appeal, and absent exceptional and compelling circumstances, relief may appropriately be denied. *See Phelps Dodge Corp.; Parks v. Parks*, 91 N.M. 369, 574 P.2d 588 (1978); *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). In order to obtain relief under Rule 60(b)(6), the movant must prove the circumstances that are relied upon to justify modification of the original judgment. *See Crane v. Kerr*, 53 F.R.D. 311 (N.D.Ga. 1971).

Under the facts herein, at the time of the trial court's ruling upon the wife's motion to set aside its prior judgment, *Psomas* indicated that the Former Spouses' Protection Act should not be construed to have retroactive application. Our Supreme Court in *Walentowski*, a year later, expressly overruled *Psomas* holding that the Act was retroactive in its effect. This holding of retroactivity, compare *Barker v. Barker*, 93 N.M. 198, 598 P.2d 1158 (1979), is an exceptional circumstances, which, in the discretion of the trial court, may warrant modification of the original judgment herein.

The trial court in its order denying wife's motion to set aside the final decree of legal separation, found that the Former Spouses' Protection Act should not be applied retroactively, and that applying the Act retroactively would be "against public policy as set out in *Whenry * * *.*" In light of the later holding in *Walentowski*, the basic premise upon which the trial court relied, has been overturned.

■ The wife's motion to modify the prior decree is not subject to automatic denial as a matter of law. The wife's motion to modify the prior decree shall be considered; however, we do not presume to tell the trial court how to rule. Intervening equities or other factors may enter into and affect whether or to what extent modification may be warranted. In ruling on a motion under Rule 60(b) the trial court has discretion, within the confines of justice, to decide and act in accordance with what is fair and equitable. *Urbanational Devel. v. Shamrock Engineering*, 175 Ind.App. 416, 372 N.E.2d 742 (1978). Reversal by the reviewing court will only be ordered for a clear abuse of discretion. *Flinchum Const. Co. v. Central Glass & Mirror*, 94 N.M. 398, 611 P.2d 221 (1980).

■ Because the trial court expressly premised its ruling upon the determination that the Former Spouses' Protection Act was not to be given retroactive effect, essential fairness necessitates that the cause be reversed and remanded for reconsideration of the wife's motion in view of the ruling in *Walentowski*.

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.