687 P.2d 100

**Stephen Alan WOLCOTT, Petitioner-Appellant,**

v.

**Sandra Lee WOLCOTT, Respondent-Appellee.**

**No. 7609.**

Court of Appeals of New Mexico.

Aug. 23, 1984.

Armand T. Carian, Albuquerque, for petitioner-appellant.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Joseph J. Mullins, Albuquerque, for respondent-appellee.

## OPINION

NEAL, Judge.

This is a domestic relations case. Stephen Alan Wolcott (husband) appeals two orders of the trial court. He appeals the court's order denying his motion to reconsider an earlier court order which directed him to co-sign, along with Sandra Lee Wolcott (wife), a promissory note to obtain a mortgage loan for the purchase of a residence for the wife and the couple's children. He also appeals an order appointing a special master to execute the note on his behalf. On appeal husband raises four issues: (1) claim of improper notice; (2) lack of jurisdiction; (3) claim of merger; and (4) abuse of discretion. We affirm.

Husband filed his petition for dissolution of marriage on March 23, 1982. On husband's motion, the court ordered the family's residence be sold. On November 15, 1983, the trial court issued an order regarding the purchase of a new residence for wife and children. The order applied $77,500 from the sale of the house toward the new residence, and required both parties to immediately execute any and all papers reasonably necessary in order to qualify for the $45,000 loan required for wife to purchase a house. The order also stated that wife could report "back to the court for further instructions any morning at 8:30, as soon as she had a firm purchase agreement available." Husband does not appeal this order.

The parties filed a separation agreement on November 17, 1983. The agreement provided that it included the entire understanding of the parties, and was in full satisfaction of the parties' right to property, support and maintenance. It also made reference to the November 15 order in two places. It stated the husband was to receive $79,000 from the sale of the family residence and the wife was to receive not less than $96,000, "to be used as per the order of November 15, 1983." It also stated that the wife was to receive insurance proceeds of $6,496.44 to help fund the obligations of the order of November 15, 1983.

The husband did not comply with the November 15 order, and wife moved for an order to show cause why he should not be required to comply with those provisions regarding executing the necessary documents for the purchase of the residence. Time was running short before the wife and children would have to move from the old residence. The court issued an order on December 7, 1983 ordering husband to sign, if required, a promissory note and whatever other documents might be necessary for wife to obtain a $45,000 loan. The order also included a provision that wife would provide a second mortgage on the new residence as security for husband, at his request. Husband does not appeal this order.

Husband then moved for reconsideration of the December 7 order. In the hearing he argued that he did not receive proper notice for the hearing, having only received notice on the day before the scheduled hearing. He also argued that the court lacked jurisdiction to require him to sign the note, and that the November 15 order regarding a new residence had merged with the marriage settlement agreement. Finally, husband argued that wife had oth-

er alternatives available to her in obtaining a new family residence, and that requiring him to sign a note was unnecessary and would adversely affect his ability to obtain credit in the future.

The trial court denied the motion to reconsider the December 7 order and stated that should the parties not solve the problem of obtaining husband's signature within twenty-four hours, the special master appointed by the court would sign the note. The court then invited either of the parties, if they disagreed, to submit requested findings of fact and conclusions of law and the court would then provide a "road map" to the court of appeals. The husband did not submit requested findings and conclusions; he appeals from this order.

Husband continued to refuse to furnish the bank with a financial statement required for the wife to purchase a residence and continued to refuse to sign the promissory note. The wife then moved for an order to appoint a special master to act on his behalf. The court appointed a special master by its order dated December 20, 1983, and authorized the special master to execute the note. Husband also appeals from this order.

Husband argues on appeal that the December 7 order was entered without proper notice of the hearing and is therefore void; that the court lacked jurisdiction to compel him to co-sign the mortgage note; that the court abused its discretion in ordering him to sign the note; that all prior orders of the court merged with the settlement agreement between the parties and therefore the wife was precluded from attempting to impose the obligation to co-sign.

The husband first contends that the December 7, 1983 order was entered without proper notice to him and is therefore void. We disagree.

He received notice of the December 7 hearing on December 6. While it is true that NMSA 1978, Civ.P. Rule 6(d) (Repl. Pamp.1980) provides for a five-day notice period, the rule also states, "unless a different period is fixed by * * * order of the court." The court, in its November 15, 1983 order specifically provided that the parties come before the court for further instructions "any morning, at 8:30 a.m., as soon as she (wife) has a firm purchase agreement available."

Under the circumstances it was appropriate for the court to shorten the notice period. No new issues were to be raised by the wife at the hearing; she was bringing to the court's attention the fact that the husband had not complied with the November 15 order. The only new issue raised at the hearing was decided in favor of the husband; the court required the wife to indemnify him from any liability arising out of the co-signature of the note and to provide a second mortgage as collateral for the indemnity, if requested. The November 15 order contemplated quick action by the parties when the wife found a house she desired to purchase. Husband was put on notice that he may have to appear before the court "any morning" in that order. Further, while husband made no showing of prejudice, had there been any prejudice to him from the short notice period, it was cured at the hearing on his motion to reconsider, as admitted in his brief.

Husband argues that it was an abuse of discretion for the court to order him to co-sign the mortgage note. Apparently he is arguing that it was an abuse of discretion for the court not to set aside its December 7 order at the hearing on his motion to reconsider. We say apparently because he does not appeal from either the November 15 order requiring him to execute all documents necessary for the purchase of a residence, or the December 7 order which specifically required him to co-sign the promissory note. *See* § 40–4–7(B).

In any event, the record contains no evidence to support his contention. He presented no evidence at the hearing. His counsel made arguments at the hearing on the motion to reconsider, but arguments of counsel are not evidence. *Phillips v. Allstate Insurance Co.,* 93 N.M. 648, 603 P.2d 1105 (Ct.App.1979). He did not submit re-

quested findings of fact and conclusions of law. When a party fails to request findings, he is precluded from a review of the evidence on appeal. *McNabb v. Warren*, 83 N.M. 247, 490 P.2d 964 (1971).

■ Even if he had preserved the issue for appeal, however, the facts do not show an abuse of discretion. The family residence was sold pursuant to the husband's motion. He received $79,000 from the sale. The purchase of a new residence required a down payment of $77,500 and a mortgage loan of $45,000. The November 15 order required the husband to execute all necessary documents for the wife to qualify for the loan. The husband was provided with indemnity and, at his option, a second mortgage as security, so he was adequately protected against liability for his co-signature. There was no abuse of discretion in ordering him to co-sign the note.

The husband's next contention is that the court lacked jurisdiction to order him to co-sign the note subsequent to the entry of the marital settlement agreement between the parties, stating that the court had no power to modify that agreement. The contention has no basis in fact or law.

■ The settlement agreement was filed on November 17, 1983 and the court did not enter a final decree until December 20, 1983. A separation agreement is binding on the parties, but is subject to such action as the court, in its discretion, deems appropriate. *Brister v. Brister*, 92 N.M. 711, 594 P.2d 1167 (1979); *Scanlon v. Scanlon*, 60 N.M. 43, 287 P.2d 238 (1955). As the agreement was filed November 17 and the final decree was not entered until December 20, the court clearly acted within its jurisdiction to order compliance with its earlier order.

Finally, it is the husband's position that the final decree approved the settlement agreement, the settlement agreement did not specifically require him to execute the note, and the final decree did not specifically address the issue of the signing of the note, so therefore the prior court order merged into the final decree and the wife is precluded from independently enforcing the November 15 order.

The husband relies on those portions of the settlement agreement stating that the agreement is the entire understanding of the parties and is in full satisfaction of their right to property and to support and maintenance. The wife relies on the November 15 order and the fact that the settlement agreement made reference to that order, though, it should be noted, it did not specifically refer to the husband's obligations set out in the order. As the parties find support for each position in the final decree, we believe the decree is ambiguous and the question is not whether merger prevents enforcement of the November 15 order, but instead the issue is the interpretation of the court's final decree.

■ Because the conflicting provisions of the settlement agreement were approved and incorporated in the final decree, the decree is ambiguous. In order to enforce an ambiguous judgment we must determine the trial court's intention and meaning, and in doing so we examine the pleadings and other documents of record. *Mundy & Mundy, Inc. v. Adams*, 93 N.M. 534, 602 P.2d 1021 (1979); *Hollingsworth v. Hicks*, 57 N.M. 336, 258 P.2d 724 (1953).

■ We believe the intent of the trial judge is clearly evident from the record. The November 15 order set out the husband's obligations regarding a new residence for the wife and children; it required the parties to "immediately execute any and all papers reasonably necessary in order to qualify for the $45,000 loan necessary. * * *" to purchase the house. Then, on December 7, the court issued its order requiring the husband to furnish the bank with his financial statement and sign the promissory note, if required, and requiring the wife to hold the husband harmless on the obligation in connection with his co-signature. The court enforced its order by appointing a special master to sign the note on the husband's behalf. Therefore, the intention of the trial court in executing the final order is clear that the husband

co-sign the note so that the wife could qualify for a home loan.

 This court has authority under NMSA 1978, Section 40–4–7(A) (Repl.Pamp. 1983) to award attorney's fees and costs on appeal in a domestic relations case. *Miller v. Miller*, 96 N.M. 497, 632 P.2d 732 (1981). One consideration in awarding costs and fees is the economic disparity between the parties. *Hurley v. Hurley*, 94 N.M. 641, 615 P.2d 256 (1980). Here the husband earns in excess of $100,000 a year while the wife receives only alimony and child support and has no outside income. The husband is ordered to pay wife the sum of $1,500 attorney's fees plus the costs of this appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.