717 P.2d 52

**Joyce NORRIS, formerly Joyce Saueressig, Petitioner-Appellee, and Cross Appellant,**

v.

**Joe Stanley SAUERESSIG, Respondent-Appellant, and Cross Appellee.**

**No. 16204.**

Supreme Court of New Mexico.

April 8, 1986.

Susan M. Conway, Robert D. Levy, Conway & Levy, P.A., Albuquerque, for petitioner-appellee, and cross-appellant.

Ann Steinmetz, Albuquerque, for respondent-appellant, and cross-appellee.

## OPINION

FEDERICI, Justice.

This case is before us pursuant to a writ of certiorari granted to review the opinion of the Court of Appeals.

The facts, law and result reached by the Court of Appeals are set forth in its opinion of December 12, 1985, 104 N.M. 85, 717 P.2d 61, and we direct that the Court of Appeals opinion be published with this opinion.

In its opinion, the Court of Appeals held that the rule established in *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969) has been reinstated. We agree with the Court of Appeals but we write this opinion to clarify the application of *LeClert*.

In *LeClert*, we held that military retirement pay was community property. Our subsequent opinions concerning the community aspect of retirement pay were based on the *LeClert* rule. *See, e.g., Copeland v. Copeland*, 91 N.M. 409, 575 P.2d 99 (1978); *Hughes v. Hughes*, 91 N.M. 339, 573 P.2d 1194 (1978); *Otto v. Otto*, 80 N.M. 331, 455 P.2d 642 (1969). However, in 1981, the United States Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) held that nondisability military retirement pay was not community property. In *Espinda v. Espinda*, 96 N.M. 712, 634 P.2d 1264 (1981), we held that *McCarty* effectively overruled *LeClert* and its progeny which held that military retirement pay was community property. In *Whenry v. Whenry*, 98 N.M. 737, 652 P.2d 1188 (1982), we refused to apply either *McCarty* or *Espinda* retroactively to those judgments based on *LeClert* which became final before *McCarty*.

In 1982, Congress enacted the Uniformed Services Former Spouses' Protection Act. 10 U.S.C. § 1408 (1982). Section 1408(c)(1) permits the states to treat military disposable retirement or retainer pay either as separate or community property after June 25, 1981. Several months later, in *Walentowski v. Walentowski*, 100 N.M. 484, 672 P.2d 657 (1983), we held that the Uniformed Services Former Spouses' Protection Act applied retroactively to the date of the *McCarty* decision of June 26, 1981. We also reinstated "the law as it was under *LeClert.*" *Id.* at 486, 672 P.2d at 659. *See also Koppenhaver v. Koppenhaver*, 101 N.M. 105, 678 P.2d 1180 (Ct.App.), *cert. denied*, 101 N.M. 11, 677 P.2d 624 (1984).

■ The Court of Appeals concluded that *LeClert*, which was decided in *1969*, does not apply to this case because petitioner's decree of dissolution of marriage was entered in *1965*. This result is correct. The Court of Appeals further concluded that reinstating *LeClert* must have the effect of preserving the final judgments entered pursuant to the rule established in *LeClert*. This result is also correct.

 We have previously held, and now reaffirm that: (1) the *LeClert* rule that military retirement pay is community property has been reinstated in New Mexico, and applies to those final judgments entered prior to the *McCarty* decision; and (2) that the Uniform Services Former Spouses' Protection Act applies retroactively only to judgments which were final after the announcement of the *McCarty* opinion on *June 26, 1981*.

We affirm the opinion of the Court of Appeals.

IT IS SO ORDERED.

RIORDAN, C.J., SOSA, Senior Justice, and STOWERS, J., concur.

WALTERS, J., dissents.

WALTERS, Justice, (dissenting).

I do not agree with the opinion of the Court of Appeals or this Court's clarification of it and must, therefore, respectfully dissent.

The underlying opinion holds that "in 1965, the military retirement benefits did not constitute a community asset, and, therefore, were not subject to division." (104 N.M. at 86, 717 P.2d at 62.) Clearly, that is an incorrect statement. *LeClert*, to which the opinions of both courts refer, was indeed *decided* in 1969, just as was *Otto v. Otto*, 80 N.M. 331, 455 P.2d 642 (1969), but *LeClert* and *Otto* dealt with military retirement benefits earned for periods of more than 20 and 30 years, respectively, before those cases were decided. Just because appellate decisions on the subject had not been written earlier, that fact could not, did not, and does not change the character of community property in existence prior to the decisions. They merely declared the already existing classification of such property.

The majority states that the *McCarty* opinion "effectively overruled *LeClert*," but that *Walentowski* then "reinstated 'the law as it was under *LeClert*.'" If that is so, it doesn't matter that the parties here were divorced in 1965 and *LeClert* was decided in 1969, because their 1965 Property Settlement Agreement specifically provided, and the trial court found, that if there was community property not disposed of by that Agreement, the parties would own such property as tenants in common—which, by definition, means undivided ownership and possession (1 Bouvier's Law Dictionary, 3d rev.), of which an owner may demand partition. The 1969 cases (*LeClert* and *Otto*) recognized that retirement benefits accruing *prior* to those decisions were community assets. The retirement benefit here, a recognized community asset, had not been divided in the 1965 Agreement. Our divorce statutes declare how community property shall be divided; thus, how community property, by agreement held "in common" after divorce, may and should be converted to separate property of the parties.

The Uniformed Services Former Spouses' Protection Act may properly be held to apply retroactively to judgments final after the *McCarty* decision of June 26, 1981, but that has nothing to do, in my mind, with the *status* or *character* of community property in 1965, nor with the Court's obligation to enforce the division of community property not disposed of at the time of divorce under the principles of community property law. *LeClert*, "reinstated" as good law by this Court, would mandate that "retirement pay which was earned during coverture [in *LeClert*, from 1949 to 1968] became property of the community," and thus divisible between husband and wife.

I would reverse the trial court's limitation of the wife's share of those benefits from the date of her claim and direct a division of all retirement benefits paid to the husband from the date he began to receive them.